MISSISSIPPI CHEMICAL CORPORA-
TION (Mississippi Corporation),
Plaintiff,

v.

VULCAN–CINCINNATI, INCORPORAT-
ED (Ohio Corporation), the Hoechst-
Uhde Corporation (New York Corpora-
tion), et al., Defendants.

Civ. A. No. 1043.

United States District Court
S. D. Mississippi, W. D.

Dec. 19, 1963.

John Satterfield, Yazoo City, Miss., for plaintiff.

Earl Thomas, Jackson, Miss., for Vul-can-Cincinnati, Inc.

Frank E. Everett, Jr., Vicksburg, Miss., for Hoechst-Uhde Corp.

**WILLIAM HAROLD COX, Chief Judge.**

The plaintiff contracted on August 5, 1958, with defendant (Vulcan) to furnish and construct on plaintiff's plant site a prilling tower for the manufacture of one hundred tons of urea per day as commercial fertilizer. This plant commenced operation on August 26, 1959, and collapsed on September 30, 1960.

This ninety-eight foot high cylindrical tower, thirty-eight feet in diameter was equipped at its top with a mechanical revolving device which was designed to hasten chemical processes in the manufacture of urea. The patent on this entire process is owned by a German corporation which owns all of the stock in the New York defendant corporation (Uhde). The New York defendant (Uhde) is assignee of the franchise rights under this patent. The defendant (Uhde) contracted with the defendant (Vulcan) to furnish the latter the design for and any necessary scientific and engineering advice and assistance in Vulcan's construction of this prilling tower in Mississippi. This contract was made outside Mississippi. The defendant (Uhde) expressly granted defendant (Vulcan) the right to contract with the plaintiff for the construction of this patented facility and to authorize the plaintiff to use it in the manufacture of commercial fertilizer. The defendant

(Uhde) was served with process in this case pursuant to Rule 4(d)(7) under § 1437 and § 1438, Mississippi Code 1942, which provides for the service of process on nonresident corporations not qualified to do business in Mississippi but "who shall do any business or perform any character of work in this state, shall, by the doing of such business or the performing of such work or services be deemed to have appointed the secretary of state" as his attorney or agent for process on it within the state in any action accruing from such business done or work or service performed or as an incident thereto. The latter section provides that service upon the Secretary of State in such instance "shall be of the same force and effect as if such non-resident had been personally served within the state of Mississippi." The defendant (Uhde) has moved to dismiss this suit against it for lack of personal jurisdiction of it. It also moves to dismiss the cross-claims of the co-defendants for the same reasons. The defendant (Uhde) is a New York corporation which has never qualified to do business in Mississippi. It never had any office or place of business or bank account in Mississippi. It had no contract (express or implied) with plaintiff in this case. The plaintiff had its entire contract with defendant (Vulcan) to furnish, install and equip this prilling tower for a stated consideration under a written contract which expressly excludes any idea or suggestion that there were any other terms or conditions to said contract or additional parties thereto.

■■ The prilling tower never functioned satisfactorily. Plaintiff complained to Vulcan and sought correction from it. Vulcan in turn requested counsel and advice from Uhde and even an expert from the German corporation on the site at Yazoo City, Mississippi. Uhde at Vulcan's instance and pursuant to a separate contract with Vulcan made outside Mississippi came to the Mississippi plant on two separate occasions for several days during which time Uhde made suggested changes in channeling air tangentially through the tower to correct undesirable chemical deposits at the base of the tower. Uhde likewise on such occasions advised with Vulcan and supervised changes in the design of the tower in an effort to effect its proper operation in accordance with the construction contract. That is the full extent of Uhde's contact with the project and the plaintiff says that these changes thus made at the suggestion of Uhde resulted in large quantities of these chemicals accumulating in the upper third of this tower thereby precipitating its collapse. There was no series of activities engaged in by Uhde in Mississippi in this case and nothing was done by it within the state preparatory to any such contemplated course of operation or business within Mississippi. Many cases are cited to show the various circumstances under which the doing business statute has been applied within this state. Numerous cases from the Supreme Court of the United States are cited to show the furthest reaches of such statutes which have been approved as being within constitutional limits. Section 1437 is a remedial statute and must be liberally construed and applied without enlarging upon its provisions. We are not so much concerned to know how far the Legislature may have gone in conferring personal jurisdiction upon its courts while according a defendant its full measure of right and justice under the due process clause of the constitution, as we are concerned at the moment with the scope and range of this enactment itself. While the statute provides that *any* business or *any* service performed within the state by a nonresident should be deemed as doing business, it has never been held that this statute contemplated less than some substantial amount of business activity engaged in with some continuity and regularity. It never contemplated that a mere scintilla of activity should suffice to fulfill the requirements of this important statute. A single, isolated and incidental activity does not constitute doing business in Mississippi. No authority cited in support of that contention upon careful analysis will be found to support

the contention under the divergent facts and circumstances found in those cases.

 The plaintiff is not a party to or a third party beneficiary of any contract with Uhde concerning this plant. The contract concerning the plant between Vulcan and Uhde was not made in Mississippi and was not required to be performed in Mississippi. Some small part of Uhde's inspection of the plant and technical advice and suggestions as to correction of design were performed in Mississippi. There is no evidence before the Court to show that this activity of Uhde in Mississippi on these two occasions was substantial as related to its business. There is likewise no evidence before the Court to show the existence of any series of business activity, or continuity of business, or any acts done by Uhde in furtherance of any intention, or purpose to engage in any continuous business activity in Mississippi. This incidental and isolated and only activity engaged in by Uhde in this state is not within the purview of this statutory scheme.

The dominant facts and circumstances in this case are controlled by Mississippi Wood Preserving Co. v. Rothschild, (5 C.A.) 201 F.2d 233, in a case involving this same statute where the contentions made here by the plaintiff are rejected. The Legislature has not seen fit to change this statute, or to enlarge its sphere of effectiveness since that decision. Cf.: Lee v. Memphis Publishers Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428; Livestock Services, Inc. v. American Cyanamid Co., 244 Miss. 531, 142 So.2d 210. The more recent case of Century Brick Corporation v. Carroll, Miss., 153 So.2d 683, involving a franchise for a building material business is cited to support plaintiff's contention as to personal jurisdiction. There a contract was made with Century in Mississippi to be performed in Mississippi and a series of business activities to that end were engaged in by the nonresident corporation in Mississippi as a consequence of which the Court held that it had personal jurisdiction of the defendant under this doing business statute. It is the facts and circumstances in that case which are so different from those in this case that occasioned such result. It is such facts and circumstances in each case which require a careful analysis thereof and an application of the proper test thereto, to determine as to the application vel non of this statute.

It is the opinion of the Court in this case that it has no jurisdiction of the person of the defendant (Uhde) and that its motions to dismiss should be sustained. An order accordingly may be presented for entry herein.