MISSISSIPPI CHEMICAL CORPORATION, a Mississippi Corporation, and Vulcan-Cincinnati, Inc., an Ohio Corporation, Appellants,

v.

The HOECHST-UHDE CORPORATION, Appellee.

No. 21278.

United States Court of Appeals Fifth Circuit.

Nov. 30, 1964.

it within the Mississippi statute permitting the constructive service of process on any non-resident corporation not qualified to do business in Mississippi but "who shall do any business or perform any character of work or service in this state * * *." Code Miss.1942, §§ 1437–1438. The opinion of the district court, reported at 224 F.Supp. 11, with which we are in agreement, sets forth the reasons for its action. See also Walker v. Savell, 5th Cir., 1964, 335 F.2d 536. The judgment of the district court is

Affirmed.

Earl T. Thomas, Harvey McGehee, Wells, Thomas & Wells, Jackson, Miss., Paul W. Steer, James J. Ryan, Steer, Strauss & Adair, Cincinnati, Ohio, for appellant Vulcan-Cincinnati, Inc.

John C. Satterfield, Satterfield, Shell, Williams & Buford, Yazoo City, Miss., Satterfield, Shell, Williams & Buford, John R. Bradley, Jr., Jackson, Miss., Yazoo City, Miss., of counsel, for appellant Mississippi Chemical Corp.

Frank E. Everett, Jr., of Brunini, Everett, Grantham & Quin, Vicksburg, Miss., J. Kenneth Campbell, Alexander & Green, New York City, of counsel, for appellee.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

### PER CURIAM:

Invoking jurisdiction on the ground of diversity of citizenship, the appellant Mississippi Chemical Corporation brought an action in the District Court for the Southern District of Mississippi against the appellant Vulcan-Cincinnati, Incorporated, and Hoechst-Uhde Corporation. Jurisdiction over Hoechst-Uhde was attempted by constructive service, delivery of a summons having been made under a state statute upon the Secretary of State of the State of Mississippi. Vulcan-Cincinnati filed a cross-claim against Hoechst-Uhde. The district court relied heavily on Mississippi Wood Preserving Co. v. Rothschild, 5th Cir. 1953, 201 F.2d 233, and decided that the activities of Hoechst-Uhde were not such as brought