**ARTHUR, ROSS & PETERS, Plaintiff-Appellant,**

v.

**HOUSING, INC., Defendant-Appellee.**

**No. 74-2049.**

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1975.

John C. Nabors, Houston, Tex., for plaintiff-appellant.

J. Clifford Gunter, III, Houston, Tex., for defendant-appellee.

Before GEWIN, BELL and CLARK, Circuit Judges.

PER CURIAM:

Upon consideration of the briefs, trial record, and the contentions of the parties advanced upon oral argument, we are fully convinced that the district court reached the correct result and we can discern no valid basis for reversal. The unreported opinion of the district court is attached hereto as an Appendix.

Affirmed.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARTHUR, ROSS & PETERS,
A Partnership,

        Plaintiff,

V.

HOUSING, INC.,

        Defendant.

CIVIL ACTION

NO. 73–H–600

Robert J. King, Liddell, Sapp, Zivley & Brown, Houston, Texas, for plaintiff.

J. Clifford Gunter, III, Bracewell & Patterson, Houston, Texas, for defendant.

---

## MEMORANDUM AND ORDER

In this action, plaintiff seeks to recover damages incurred when the defendant allegedly breached an agreement with the plaintiff that involved the purchase of certain real estate and the formation of a limited partnership. The action is brought pursuant to 28 U.S.C. § 1332. The case is currently before the Court for consideration of the defendant's motion to dismiss for, *inter alia,* lack of in personam jurisdiction.

The facts presented by both parties are essentially undisputed. Plaintiff is a general partnership with its principal place of business in Houston, Texas. Defendant is a corporation with its principal place of business in Greensboro, North Carolina. It does not maintain a place of business, nor does it have any assets or a designated agent for services of process within the State of Texas.

The agreement that is the subject of this action required the purchase of and development by the defendant of certain land located within North Carolina. This property was to be subsequently transferred to a limited partnership formed between the plaintiff and the defendant on the same date that the agreement was signed. Alleging that the defendant has breached the agreement by failing to secure FHA approval for the project, failing to file the articles of partnership in the North Carolina public records and failing to convey title to the property to the partnership, plaintiff has filed this suit seeking the return of its initial payment as well as damages for lost profits and incidental expenses in-

curred in the negotiation and drafting of the agreement.

Plaintiff has obtained service of process on the defendant through the Texas Secretary of State pursuant to Article 2031b, Vernon's Ann.Tex.Rev.Civ.Stat. It alleges that substituted service is proper as the defendant can be considered as "doing business" within the state because it has entered into a contract by mail with a Texas resident that is to be performed in part in the State of Texas. *See* Art. 2031b(4), Tex.Rev.Civ. Stat. The plaintiff bases its allegations upon the fact that certain portions of the contract can be performed only in Texas in that the agreement provided that notice and return payments be mailed to the plaintiff in Texas. The fact that negotiations for the agreements were carried on by mail between the Texas and North Carolina parties and that the contract was mailed to plaintiff's Texas place of business for signing are cited by the plaintiff as evidence of the defendant's purposeful activities within the state. Furthermore, plaintiff claims that a portion of the contract was actually performed in Texas in that the initial payment was mailed from the state.

In support of its motion to dismiss, the defendant alleges that the subject matter of the contract was real property located in the State of North Carolina, that the partnership was one formed under North Carolina law and domiciled in North Carolina and that the construction of the apartment project involved labor that would be hired and would perform in North Carolina. Thus, the issue for the Court's determination is whether the contact that defendant had with the State of Texas, which was exclusively through the mails, can be considered as partial performance under Article 2031b so as to satisfy the "minimum contacts" test required by the due process clause of the Fourteenth Amendment.

In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), the Supreme Court held that a Florida court did not have personal jurisdiction over a Delaware trustee whose only contacts with Florida involved the remittance by mail of trust income to beneficiaries who moved to that state after the trust was formed. The court required

in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Id.* at 253, 78 S.Ct. at 1240; *accord* Jetco Electronic Industries, Inc. v. Gardiner, 473 F.2d 1228, 1234 (5th Cir. 1973).

The *Hanson* requisite of purposeful activity within the forum state has been embodied within Texas law by the Texas courts. In Sun-X International Company v. Witt, 413 S.W.2d 761 (Tex.Civ.App.—Texarkana, 1967, writ ref'd, n. r. e.), the court recognized three basic factors necessary for jurisdiction over a non-resident defendant:

(1) The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *Id.* at 765; *accord,* O'Brien v. Lanpar Co., 399 S.W.2d 340 (Tex.1966).

As evidence of purposeful activity within the state, plaintiff has shown that the defendant originally solicited the contract by mailing a letter to the plaintiff in Texas and that the agreement was sent to Houston for the plaintiff's signature and acceptance. The fact that negotiations were carried on through the mail is not sufficient to confer jurisdiction if the non-resident party or his agent was not physically present within

the state. *See* Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2d Cir. 1965). Furthermore, the Texas legislature has indicated that performance, rather than execution, should govern the determination of jurisdiction. *See* Atwood Hatcheries v. Heisdorf & Nelson Farms, 357 F.2d 847, 852 n. 14 (5th Cir. 1966); Bodzin v. Regal Accessories, Inc., 437 S.W.2d 655 (Tex.Civ.App.—Dallas 1969, writ ref'd, n. r. e.); Comment, Jurisdiction Over Foreign Corporations Under Article 2031b, 39 Tex.L.Rev. 214, 218 (1960). The mere acceptance of a contract in Texas has been held insufficient to confer jurisdiction absent more substantial contacts with the state. *See* Sun-X International Co. v. Witt, *supra* 413 S.W.2d at 766–767. Therefore, jurisdiction cannot be based upon the initial consummation of the agreement.

Plaintiff further alleges that its mailing the initial payment from its Houston office to North Carolina is evidence of partial performance in the State of Texas. Although there is some dispute on the record as to whether payment was actually mailed from Texas, this fact is not dispositive of the issue, even if we assume its existence in favor of the plaintiff. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . ." Hanson v. Denckla, *supra* 357 U.S. at 253, 78 S.Ct. at 1239–1240. It might, of course, be a different matter if payment were to be made in Texas, and this requirement was stated in the contract. This could constitute performance within the state. *See* Custom Leasing, Inc. v. Gardner, 307 F.Supp. 161 (N.D.Miss.1969). However, where the contract is silent and payment is simply mailed to the nonresident from the forum state, this Court cannot hold that the defendant has engaged in business in Texas. *Cf.* Trinity Steel Co. v. Modern Gas & Service Co., 392 S.W.2d 861, 866 (Tex.Civ.App.—Texarkana, 1965, writ ref'd, n. r. e.). Nor is it determinative that the contract provided that certain notices and reimbursements be mailed to the plaintiff's Texas address. As in *Hanson,* the receipt of these in Texas cannot constitute an act by which the defendant has purposefully availed itself of the benefits and protection of Texas law.

After considering the facts alleged in the pleadings, memoranda and affidavits filed herein, the quality, nature and extent of the contacts that the defendant has with the State of Texas are not sufficient, individually or together, to satisfy the requirement that the defendant purposefully invoke the benefits or protection of the law of Texas. The defendant has sent no agent into the state, nor has it caused goods to be delivered here. Other than correspondence between the parties, no services were required of either party that were to be supplied in the state. Although the Court has deferred ruling on the motion to dismiss to permit the submission of any further evidence in support of jurisdiction, none has been forthcoming.

Accordingly, defendant's motion to dismiss for lack of jurisdiction is granted. This action is hereby dismissed.

Done at Houston, Texas, this 27th day of February, 1974.

(s) Carl O. Bue, Jr.
United States District Judge