Howard BARNSTONE,
Plaintiff-Appellant,

v.

CONGREGATION AM ECHAD,
Defendant-Appellee.

No. 78–1054
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 2, 1978.

tion. The Court did emphasize, however, special circumstances in that case militating in favor of reliability.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Robert C. Richter, Jr., Houston, Tex., for plaintiff-appellant.

Ronald E. Tigner, Houston, Tex., for defendant-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

The district court dismissed this action for want of in personam jurisdiction over the defendant. In its order dismissing the case, the court adopted the magistrate's recommendation appended hereto. We affirm the district court for the reasons set out in the magistrate's recommendation.

## APPENDIX

MEMORANDUM AND RECOMMENDATION:

In this action, plaintiff seeks to recover damages from defendant based upon an alleged contract to pay for architectural services rendered and the supervision of the construction of a synagogue in the State of Maine. This suit is brought pursuant to 28 U.S.C. § 1332 based upon diversity and amount in controversy, and is presently before the undersigned for recommendation on defendant's Motion to Quash Service of Process and to Dismiss for Lack of In Personam Jurisdiction.

Plaintiff is an architect duly licensed in the States of Texas and Maine, whose residence and principal place of business is Houston, Texas. Defendant is a non-profit religious corporation registered under the laws of the State of Maine. It does not maintain a place of business, nor does it have any assets or a designated agent for services of process within the State of Texas. Additionally, there is no indication in the record that any officer, agent, employee or representative of defendant has ever physically come to the State of Texas.

Based upon the uncontroverted affidavits submitted by the parties, the following is a chronology of the circumstances surrounding this cause of action. In June 1975, plaintiff's aunt, who resides in Ohio, donated a substantial sum of money to defendant which was apparently earmarked for the construction of the synagogue in the State of Maine. During the same month, plaintiff was contacted by defendant, in consideration for his aunt's donation, and extended an invitation to make a presentation and be considered for receiving an architectural commission whereupon plaintiff traveled to Maine, made the presentation and was there awarded the commission. All plans, sketches, models, drawings and renderings were performed by plaintiff at his place of business in Houston. The evidence, however, reflects that negotiations either took place in Maine or by telephone or mail and that all phases of construction were to be supervised by him in Maine. The minutes of a meeting of the Congregation's Building Committee, as attached to the affidavit of defendant's secretary, reflect that construction cost estimates were solicited by plaintiff in Maine from Maine contractors. Bids for construction were received by June 1976, and in July, defendant terminated the agreement and refused to pay plaintiff the balance of his fees.

The only written evidence of an agreement between the parties is that of a standard form contract issued by the American Institute of Architects which is signed by plaintiff but unexecuted by defendant. The contract was forwarded to plaintiff by defendant pursuant to a cover letter dated December 11, 1975, apparently for plaintiff's review of certain revisions previously agreed upon.

Plaintiff obtained service of process on the defendant through the Texas Secretary of State pursuant to Article 2031b, Vernon's Ann.Tex.Rev.Civ.Stat. and although not set forth in the complaint, such substituted service is proper if the defendant can be considered as "doing business" within the state because it has entered into a contract by mail with a Texas resident that is to be performed in part in the State of Texas. See Art. 2031b(4), Tex.Rev.Civ.Stat. The plaintiff bases his jurisdictional allegations upon the fact that all drawings, models and renderings were done in Texas and that the correspondence, including the contract allegedly entered into, was directed to his office in Houston. Plaintiff also relies upon a provision in the alleged contract which provides that the agreement shall be governed by the law of the principal place of business of the architect, which is the State of Texas.

In support of its Motion to Dismiss, the defendant alleges that it did not enter into the alleged contract within the State of Texas, and that there are no points of contact between it and plaintiff within the State of Texas. Moreover, any work to be performed by plaintiff was related to a synagogue to be constructed for defendant within the State of Maine, and that having been required to procure a Maine license to perform architectural services pursuant to Maine law, that plaintiff thereby submitted himself to the laws of that State. Thus the issue to be determined is whether the contact the defendant had with the State of Texas, if any, can be considered as "doing business" within the state as a result of entering into a contract by mail that was to be performed in whole or part within the State of Texas under Article 2031b so as to satisfy the "minimum contacts" test required by the due process clause of the Fourteenth Amendment.

In *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) the Supreme Court held that a Florida court did not have personal jurisdiction over a Delaware trustee whose only contacts with Florida involved the remittance by mail of trust income to beneficiaries who moved to that state after the trust was formed. The court required that:

> . . . in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Id. at 253, 78 S.Ct. at 1240.

The *Hanson* requisite of purposeful activity within the forum state has been embodied by the Texas courts. The Texas Supreme Court in the case of *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966) set out three basic factors necessary for jurisdiction over a non-resident defendant:

> (1) The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state,

> (2) the cause of action must arise from, or be connected with, such act or transaction, and,

> (3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, *consideration being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.* Id. at 342. (Emphasis supplied)

The issues of whether the agreement between the parties is to be governed by the standard AIA contract and whether, in fact, any agreement was entered into within the State of Texas are largely unresolved. Presumably the unexecuted contract was forwarded to plaintiff at his place of business in Texas where plaintiff signed it. Nevertheless, it is the place of performance rather than execution, consummation or delivery which should govern the determination of jurisdiction. *Atwood Hatcheries v. Heisdorf & Nelson Farms*, 357 F.2d 847, 852 N. 14 (5th Cir. 1966); *Arthur, Ross & Peters v. Housing, Inc.*, 508 F.2d 562 (5th Cir. 1975). It is also undisputed that negotiations took place either in Maine or

through the mails. However, the fact that negotiations were carried on through the mail is not sufficient to confer jurisdiction if the non-resident party or his agent was not physically present within the State. *Arthur, Ross & Peters v. Housing, Inc., supra. Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583 (2nd Cir. 1965). Neither is the choice of law provision in the unexecuted standard form contract dispositive of jurisdiction. *Sun-X International Co. v. Witt*, 413 S.W.2d 761 (Tex.Civ.App.—Texarkana 1967, Writ Ref'd n. r. e.)

Assuming that plaintiff's endeavor in making the drawings, renderings and models in Texas constitutes partial performance, it is the opinion of the undersigned that the defendant's contacts with the State are insufficient to satisfy the *Hanson* and *O'Brien* tests of purposeful activity by defendant within the State of Texas. It was plaintiff who traveled to Maine for the purpose of making his presentation and was there awarded the commission. Numerous other trips to Maine were made by plaintiff for the purpose of discussing the plans, conferring with the Board of Incorporators, and soliciting bids for the construction and engineering of the synagogue. Supervision of actual construction could only take place within that State. Although plaintiff had no place of business in Maine, he was nonetheless obliged to and did procure a Maine license to perform the architectural services in that State. Although plaintiff in his brief states that payment was made through the mails and received by him from defendant, there is no evidence in the record to support this allegation. At best, plaintiff's activity in preparing the sketches in Texas would appear to constitute unilateral partial performance. It is well settled that the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. *Hanson v. Denckla, supra*, 357 U.S. at p. 253, 78 S.Ct. 1228. After careful review of the pleadings and affidavits, the undersigned is of the opinion that defendant has neither transacted any purposeful activity within the State of Texas nor has it invoked the benefits and protection of the laws of Texas and thus fails to meet the tests for jurisdiction as described in *O'Brien, supra.*

Thus, it is RECOMMENDED that defendant's Motion to Quash Service of Process and to Dismiss for Lack of In Personam Jurisdiction be granted.

DONE at Houston, Texas, on the 13th day of July 1977.