MARTIN & MARTIN, Attorneys At Law, a Partnership Composed of George Dan Martin and Marcus E. Martin, Plaintiff,

v.

Evelyn Dean JONES, Lawanda Ann Jones Blakeney, Henry Jowett Jones, Jr., William Harries Jones and Douglas Oil Purchasing Company, Inc., Defendants.

Civ.A. No. J85–0310(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

July 24, 1985.

Gee Ogletree, Brandon, Miss., Paul Stephens, Jackson, Miss., G. Sage Lyons, Mobile, Ala., for plaintiff.

Thomas E. Bryant, Jr., Mark R. Ulmer, Mobile, Ala., James R. Mozingo, Stennett, Wilkinson & Ward, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause is before the court on the motion of the individual defendants, Evelyn Dean Jones, Lawanda Ann Jones Blakeney, Henry Jowett Jones, Jr. and William Harries Jones, and the separate motion of the corporate defendant, Douglas Oil Purchasing Company, Inc. (Douglas Oil), to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Based on consideration of the briefs with attachments submitted by the parties, the court is of the opinion that the defendants' motions to dismiss should be granted.

Martin & Martin, a Mississippi law firm, filed suit in this court alleging that the individual defendants breached their contracts with the plaintiff by failing to pay or transfer a 25% contingency fee on money or property paid, received or collected by the attorneys in return for their representation of said defendants' interests with reference to the estates of Ben Oscar Jones, Esther Ann Morgan Jones and Henry Jowett Jones, deceaseds. Administrations of these estates were pending in Baldwin County, Alabama and Mobile County, Alabama. The employment contracts and the powers of attorney executed by the individual defendants were signed in Citronelle, Alabama. The defendants, all of whom reside either in Alabama or Louisiana, have each executed affidavits stating that they have not conducted business with Martin & Martin in Mississippi and that all of the services were to be rendered by the plaintiff in the Circuit Court of Baldwin County, Alabama. The plaintiff was retained by Evelyn Jones Tanner, a Mississippi resident and one of the heirs of the estates. Since she has fulfilled her obligations under the employment contract ac-

cording to the plaintiff, she is not a defendant in this cause.

The plaintiff has also filed suit against Douglas Oil, an Alabama corporation not qualified to do business in Mississippi, but which is, according to the plaintiffs, "doing business" in Mississippi within the purview of Mississippi Code Annotated § 13–3–57 (Supp.1984). Douglas Oil operates some of the properties in which the defendants asserted interests as heirs at law in the estates and has placed the disputed 25% of revenues in a suspense account pending resolution of the conflict between plaintiff and the individual defendants regarding execution of mineral right and royalty transfers.

Both the individual defendants and the corporate defendant assert that in personam jurisdiction is lacking. The burden of establishing jurisdiction over the defendants rests with the plaintiff. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir.1985). In *Smith v. DeWalt Products Corp.*, 743 F.2d 277, 278 (5th Cir.1984), the Fifth Circuit set forth a two step inquiry to determine a district court's jurisdiction over nonresident defendants. The law of the forum state must first provide for the assertion of jurisdiction and, second, the exercise of jurisdiction by the state must comport with the due process requirements of the Fourteenth Amendment. *Id.*

Mississippi's long arm statute provides in pertinent part:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state... or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi.

Miss.Code Ann. § 13–3–57 (Supp.1984). The employment contracts and the powers of attorney were all executed by the individual defendants in Alabama. The administration of the estates in question concern rights to real property located in Alabama, and the individual defendants therefore assert that Mississippi's long arm statute does not apply since the employment contracts were not to be performed in whole or in part in Mississippi. The plaintiff contends that the long arm statute does apply since Marcus E. Martin, one of the attorneys, frequently met with Evelyn Jones Tanner and her husband, Barney Tanner, in Mississippi concerning estate matters, corresponded and communicated with the individual defendants from their office in Mississippi and searched land records in Pearl River County, Mississippi. In its consideration of these facts, the court's analysis depends upon whether the plaintiff seeks the exercise of personal jurisdiction in a suit arising out of or related to the defendants' contacts with the forum state or in a suit not arising out of or related to the defendants' contacts with the forum. *Thompson*, 755 F.2d at 1170–71 (5th Cir. 1985) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). The exercise of the former is referred to as involving "specific jurisdiction" whereas the exercise of the latter is described as "general jurisdiction". 755 F.2d at 1170–71. When a claim involves an exercise of general jurisdiction, a defendant's contacts with the forum state must be so "systematic and continuous" as to reasonably support exercise of jurisdiction. 755 F.2d at 1171. When the jurisdiction sought to be asserted is "specific," a court must then examine the relationship among the defendant, the forum and the litigation. *Id.* Assuming that the plaintiff in this case seeks to assert general jurisdiction, it is clear that the individual defendants' contacts with the State of Mississippi cannot reasonably be characterized as "systematic and continuous." Therefore, the court will examine the relationship among the individual defendants, the forum and the litigation as though the issue is one of specific jurisdiction.

In conducting this examination, the court is guided by a case involving similar facts wherein the Fifth Circuit affirmed the district court's adoption of the magistrate's recommendation of dismissal for lack of in personam jurisdiction. *Barnstone v. Congregation AM Echad*, 574 F.2d 286 (5th Cir.1978). In *Barnstone*, the plaintiff was an architect who resided in Texas but was licensed in both Texas and Maine. The defendant, a non-profit religious corporation registered under the laws of Maine, had neither assets nor a designated agent for service of process in Texas. After a donation to the corporation by Barnstone's aunt, the defendant invited him to travel to Maine to make a presentation and be considered for the awarding of an architectural commission. The plaintiff made the trip and the presentation and was awarded the commission. He did all drawings, sketchings and other work in his Texas office but all of the negotiations occurred in Maine either by telephone or through the mail and the plaintiff was to supervise construction in Maine. Construction cost estimates were solicited by Barnstone in Maine from Maine contractors. The defendant subsequently terminated the parties' agreement and the plaintiff filed suit in Texas to collect the fees allegedly owed by defendant. The Texas long arm statute, similar to Mississippi's long arm statute, states that a person is considered to be "doing business" in Texas if he enters into a contract by mail with a Texas resident and the contract is to be performed in part in Texas. Art. 2031b(4), Tex.Rev.Civ.Stat. The plaintiff argued that, since all of the drawings, models, plans and sketches were made in Texas and the correspondence between the parties, including the parties' contract, was sent to his Houston office, personal jurisdiction over the nonresident defendant was proper. The defendant contended that, since the contract was entered into in Maine and all of the work performed by Barnstone related to the construction of a synagogue in Maine, the "traditional no-

tions of fair play and substantial justice" concept of *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945), would be offended by Texas' assertion of jurisdiction over the defendant. The Fifth Circuit found that the defendant's contacts with Texas failed to satisfy the tests set forth in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), which held that a nonresident defendant must purposefully avail itself of the privilege of conducting activities within a forum state, thereby invoking the benefits and protection of its laws, before the particular forum state can legitimately assert in personam jurisdiction over the nonresident defendant. 574 F.2d at 289. In his recommendation, the magistrate had stated that the plaintiff's activity in preparing the models and plans in Texas appeared to constitute only unilateral partial performance by him and that this was expressly held insufficient in *Hanson v. Denckla*, 574 F.2d at 289. Finally, the magistrate ruled that the negotiations which took place through the mails were insufficient to confer personal jurisdiction unless the nonresident defendant or its agent was physically present within the forum state at the time of the negotiations. 574 F.2d at 289 (citing *Arthur, Ross & Peters v. Housing, Inc.*, 508 F.2d 562, 564–65 (5th Cir.1975) ).

Therefore, the plaintiff's allegations with reference to searching land records in Mississippi, corresponding and communicating with the defendants from their office in Mississippi and frequently meeting with Evelyn Jones Tanner and her husband in this state do not justify an assertion of personal jurisdiction over the individual defendants in accordance with the requirements of due process. The meetings between the plaintiff and Evelyn Jones Tanner and Barney Tanner in Mississippi do not confer personal jurisdiction over the other heirs at law since the Tanners are not parties to the suit.[1] The

---

**1.** The court further concludes that the Tanners cannot be characterized as agents acting for the other heirs since the plaintiff has failed to allege the existence of an agency relationship. Evelyn Jones Tanner and the other heirs at law entered into separate contingency contracts with the

search of land records in Mississippi does not operate to confer jurisdiction since the material portion of the plaintiff's performance with respect to search of land records occurred in Alabama. *See Patterson v. Dietze, Inc.*, 764 F.2d 1145 (5th Cir.1985) (distinguishing *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1010 (5th Cir.1982), which upheld exercise of personal jurisdiction over nonresident defendant since "Mississippi was clearly the hub of the parties' activities".)[2]

■ Similarly, the court is of the opinion that it lacks personal jurisdiction over Douglas Oil under either an exercise of "specific" or "general" jurisdiction. Douglas Oil has not signed a contract with the plaintiffs and the only other contract allegedly involved is a division order executed by Evelyn Jones authorizing the plaintiffs to receive a 25% interest in certain oil and gas revenues. At most, Martin & Martin may be considered a third party beneficiary of the contract between Douglas Oil and Jones. Under Mississippi law, however, a third party beneficiary may not obtain in personam jurisdiction over a nonresident defendant by utilizing the contract prong of the long arm statute. *Johnson v. Warnaco, Inc.*, 426 F.Supp. 44, 47 (S.D.Miss. 1976).[3]

■ The court also concludes that the plaintiff cannot assert personal jurisdiction over Douglas Oil under the "doing business" provision of Mississippi's long arm statute. The case of *Mladinich v. Kohn*, 250 Miss. 138, 164 So.2d 785 (1964), set forth the test for determining whether a foreign corporation is "doing business" within Mississippi. The nonresident defendant must purposefully commit an act or consummate a transaction in Mississippi, with the plaintiff's cause of action arising from or being connected with such acts or transactions, and the assumption of personal jurisdiction by the state must not offend traditional notions of fair play and substantial justice. 164 So.2d at 790. The record before the court reflects that Douglas Oil leases no offices in Mississippi; has no officers, directors, employees, property or assets within this state; does not maintain any bank accounts, books or records in Mississippi; and has not negotiated or executed any contracts in this state. The only alleged contact with Mississippi, according to Douglas Oil, is the mailing of royalty checks to Mississippi residents for oil and gas production of Alabama properties. The plaintiff asserts that the correspondence with Douglas Oil and its action in paying the partnership for one year a 25% attorney fee, pursuant to an agreement with Evelyn Jones, constitutes a contract between Douglas Oil and Martin & Martin which was performed in whole or in part in Mississippi. Considering the entire record, the court concludes that the Mississippi long arm statute does not provide for the assertion of personal jurisdiction over Douglas Oil since there is no showing of any purposeful activity of the corporate defendant in Mississippi. As stated previously, correspondence between a plaintiff and a nonresident defendant is insufficient

---

plaintiff, leading to the conclusion that each of the heirs acted in his or her own interest with there being no obligation on the part of any one heir to act for another.

**2.** A further factor supporting dismissal of the plaintiff's action in this court is that the employment contracts were executed in Alabama and thus governed by Alabama law. This was considered significant in *Patterson v. Dietze, Inc.*, 764 F.2d at 1146, wherein the Fifth Circuit affirmed the district court's dismissal for lack of personal jurisdiction.

**3.** The court stated that the long arm statute is to be construed liberally but is to be applied without enlargement of its provisions. 426 F.Supp. at 47 (citing *Mississippi Chemical Corp. v. Vul-*

*can-Cincinnati, Inc.*, 224 F.Supp. 11 (S.D.Miss. 1963), *aff'd* 338 F.2d 662 (5th Cir.1964)). The district court held that the plaintiff's argument that he should be able to obtain personal jurisdiction as a third party beneficiary of a contract between nonresident parties would require the court to conclude that the long arm statute applies to a nonresident who not only makes a contract *with* a resident of this state but who also makes a contract *for the benefit of* a Mississippi resident. 426 F.Supp. at 47. This construction of the statute, the court held, would be an unwarranted enlargement not sanctionable according to *Mississippi Chemical Corp. v. Vulcan-Cincinnati, Inc.*

**344**

to confer jurisdiction unless it is shown that the nonresident party or its agent was physically present within the forum state. *Arthur Ross & Peters v. Housing, Inc.,* 508 F.2d at 564–65. Also as explained above, the division order entered into between Evelyn Jones and Douglas Oil authorizing Martin & Martin to receive a 25% interest in oil and gas revenues generated by certain properties can only be characterized as an agreement between Jones and Douglas Oil with the plaintiff as a third party beneficiary. For the reasons expressed in *Johnson v. Warnaco, Inc.,* 426 F.Supp. at 47, the plaintiff, in this status, cannot obtain personal jurisdiction over a nonresident defendant.

Accordingly, the motion of Evelyn Dean Jones, Lawanda Jones Blakeney, Henry Jowett Jones, Jr. and William Harries Jones and the motion of Douglas Oil Purchasing Company, Inc. to dismiss for lack of personal jurisdiction should be granted. A separate judgment shall be submitted in accordance with the local rules.