**CROWN STERLING, INC., Plaintiff,**

v.

**H. Maynard CLARK, et al., Defendants.**

**Civ. A. No. 3:91–CV–1045–X.**

United States District Court,
N.D. Texas,
Dallas Division.

March 16, 1993.

John W. Bickel, II, William Andrew Brewer, III, William Joseph Candee, IV, Donna Zinke Cowman, Scott S. Hershman, and Amy Susan Novicoff, Bickel & Brewer, Dallas, TX, for Crown Sterling Suites, Inc.

Daniel B. Jones, Robert E. Wood, Jeffrey Todd Robnett, Williford & Wood, Dallas, TX, W. Thad Adams, III and Kathy K. Martin, Law Office of W. Thad Adams, Charlotte, NC, for H. Maynard Clark, State Sav. Enterprises, Inc., Marshall–Clark Associates No. 1, Ltd., Marshall–Clark Company No. 1, Ltd., Direction Management Corp., Leisure Inn, No. 1, Ltd. Partnership, Leisure Inn, No. 2, Ltd., and Clark/Scott Hotel No. 1 Ltd. Partnership.

Henry S. Wehrmann, Stradley Schmidt & Wright; Drew Randolph Heard, Matthew Kegan Davis, Jenkens & Gilchrist, Dallas, TX; Richard E. Hodge, and Gary W. Nevers, Richard E. Hodge, Inc., Santa Monica, CA, for Richard Kahn, Sterling Hotel, R. Morgan

Burkett, Sterling Hotels Corp., Sterling Hotel Group Inc. and the Elizabethan Inn.

## MEMORANDUM OPINION AND ORDER

### KENDALL, District Judge.

NOW before the Court are the Motion to Reconsider of Defendants Richard Kann and Elizabethan Inn to the Court's Order Denying Defendants' Motion to Dismiss for Want of Personal Jurisdiction, filed on November 27, 1991, Plaintiff's Opposition to Defendants' Motion to Reconsider, filed on January 10, 1992, the Supplement to Motion to Reconsider of Defendants Richard Kann and Elizabethan Inn to the Court's Order Denying Defendants' Motion to Dismiss for Want of Personal Jurisdiction, filed on September 14, 1992, and Plaintiff's Supplemental Opposition to Defendants' Supplement to Motion to Reconsider, filed on September 24, 1992. On the basis of what is before the Court in these filed materials, the Court determines that Defendants' motion should be granted.

This lawsuit revolves around the use of the name "Sterling" in the hotel business. Plaintiff, d/b/a Crown Sterling Suites, sued three groups of defendants, each incorporating the word "Sterling" in its name. One group of defendants owns and operates two hotels, one hotel in Charlotte, North Carolina and the other in Matthews, North Carolina, each called "Sterling Inn." Another group of defendants is associated with Sterling Hotel Corporation, a hotel management company located in San Luis Obispo, California. Sterling Hotel Corporation neither owns nor operates hotels using the name "Sterling." However, the existence of "Sterling" in the management company's name was sufficient to draw Plaintiff's wrath. The third group, which is responsible for the instant motion, has two hotels, the alleged offender of which is in Sacramento, California and is named the "Sterling Hotel." The Sterling Hotel is a twelve room bed and breakfast establishment. Richard Kann, also a defendant member of this third group, is a general partner of the Elizabethan Inn Associates, another defendant, which is a California limited partnership that has developed and runs the Sterling Hotel and its nonSterling sister. The other defendants in these three groups include limited partnerships and corporate officers.

Plaintiff, a Texas corporation, began operation in 1990 as an all suite hotel concept called "Sterling Suites." After complaints from the defendants, all of whom had been in business using the name "Sterling" prior to Plaintiff, Plaintiff altered its name from "Sterling Suites" to "Crown Sterling Suites," although Plaintiff maintains that its name change had nothing to do with the defendants' protests. Plaintiff then preemptively struck at these foreign defendants in state court in its home town, Dallas, Texas. Defendants subsequently removed the suit to federal court. Plaintiff seeks a declaratory judgment that its use of the name "Sterling" does not infringe the defendants' state or federal rights, and alleges these additional causes of action: tortious interference with prospective business relations, conspiracy to commit tortious interference with prospective business relations, violation of the Texas Deceptive Trade Practices Act, unfair competition, abuse of process, slander and an antitrust violation. Plaintiff also seeks to have certain defendants' trademark registrations canceled.

In the motion *sub judice*, defendants Kann and Elizabethan Inn move the Court to reconsider its October 23, 1991, order denying their motion to dismiss for lack of personal jurisdiction. A careful reconsideration of Kann's and the Inn's relationship to this forum reveals that the Court's October 23, 1991, order should be vacated and that the Court's exercise of personal jurisdiction over Kann and the Inn would be in derogation of their rights to due process secured by the Constitution.

Due process limits the exercise of personal jurisdiction over nonresident defendants to cases in which they purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Whether due process is satisfied must depend on the quality and nature of a

defendant's activity in relation to the fair and orderly administration of the laws, which it was the purpose of the due process clause to insure. *Id.* at 319, 66 S.Ct. at 159. Thus, the following standards are not to be applied mechanically. When a controversy is related to or arises out of a defendant's contacts with the forum, the United States Supreme Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of *in personam* jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■ It has been said that when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). For the forum to assert this type of jurisdiction over a nonresident defendant, the defendant must have "purposefully directed" his activities at the residents of the forum, and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1984). In other words, a defendant's contacts with the forum state that are asserted as a basis for maintaining personal jurisdiction must be related to the subject matter of the controversy. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir.1986), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987). It is well settled that specific jurisdiction may arise without the nonresident defendant ever setting foot on the forum state's soil or may arise incident to the commission of a single act directed at the forum. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir.1987). However, isolated acts may not give rise to a nonresident's foreseeability of being haled into a distant forum. Some single or occasional act may give rise to only an attenuated connection with the forum that would be insufficient to support a court's exercise of personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 475 n. 18, 105 S.Ct. at 2184 n. 18.

■ Even when the cause of action does not arise out of or relate to the nonresident defendant's activities in the forum state, due process is not offended by a state subjecting the nonresident to its *in personam* jurisdiction when sufficient contacts between the state and the foreign defendant exist. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). When a state exercises personal jurisdiction in a suit not arising out of or related to the defendant's contacts with the forum, the exercise has been termed "general jurisdiction." *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. General jurisdiction exists when the nonresident defendant maintains "continuous and systematic" contacts with the forum state. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990).

■ Finally, a court's assertion of *in personam* jurisdiction must "comport with fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 477–78, 105 S.Ct. at 2184–85. In this reasonableness analysis, a court is to consider such factors as the extent of the defendant's purposeful interjection, the existence of an alternate forum, the burden on the defendant in appearing locally, the forum state's interest in adjudicating the dispute, the shared interest of all states involved in furthering their respective policies, the plaintiff's interest in obtaining convenient and effective relief and the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *Burger King Corp.*, 471 U.S. at 476–77, 105 S.Ct. at 2184–85; *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359 (5th Cir.1990).

■ The party seeking to invoke a court's personal jurisdiction bears the burden of proving that the nonresident's contacts are sufficient for the court to exercise that jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989). In this showing, the plaintiff need only make out a *prima facie* case of personal jurisdiction, and not only must the court take uncontroverted allegations in the plaintiff's complaint as true, the court must also resolve conflicts between the facts contained in the parties' affidavits in

the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction has been established. *Bullion,* 895 F.2d at 217; *D.J. Invest., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542 (5th Cir.1985).

■ Having considered the record in light of the guidance set out above and of the standards expounded in *Bullion v. Gillespie,* 895 F.2d 213 (5th Cir.1990), the Court concludes that Plaintiff has failed its burden of demonstrating that Kann and Elizabethan Inn have continuous and systematic contacts with the state of Texas that would subject them to the exercise of general personal jurisdiction. If these defendants are subject to personal jurisdiction in Texas, it must be pursuant to specific jurisdiction.

■ Plaintiff alleges that it has received numerous letters, phone calls and other threats from Kann and Elizabethan Inn. As evidence of these "threats," Plaintiff provides two letters from Fritz-Howard Clapp, Kann's and the Inn's attorney. These letters speak of telephone conversations regarding difficulties over joint use of the name "Sterling," and of Clapp's clients' desire that such use on Plaintiff's part cease due to confusion of the Inn's customers. Plaintiff also makes much ado about the Inn's 1–800 reservation line and the fact that Clapp styles the Inn as perhaps the most heavily advertised small property in the nation. Kann and the Inn have no other contacts with Texas. However, neither the existence of the reservation line nor Clapp's puffing about the most heavily advertised small property in the nation go to any of Plaintiff's causes of action and they are therefore irrelevant to a specific jurisdiction analysis.[1] The letters and calls do not establish purposeful availment; rather these "contacts" with Texas arise from the mere fortuity that Plaintiff is located in Texas. The endpoint of Plaintiff's logic would subject a small, local business to personal jurisdiction anywhere in the United States merely through the business's interstate complaints about injury it thought it was incurring locally. The contacts of a couple of letters and phone calls are far too attenuated for a court's exercise of specific jurisdiction. *See, e.g., Aviles v. Kunkle,* 978 F.2d 201, 205 (5th Cir.1992); *Holt Oil,* 801 F.2d at 778 (communications to Texas forum insufficient where they rested on mere fortuity that the plaintiff was a resident of the forum); *cf. Colwell Realty Invest., Inc. v. Triple T Inns,* 785 F.2d 1330 (5th Cir.1986) (merely contracting with resident of forum state insufficient to subject nonresident to forum's jurisdiction); *Barnstone v. Congregation Am Echad,* 574 F.2d 286 (5th Cir.1978) (negotiations by telephone and mail with Texas architect regarding construction of synagogue in Maine did not confer personal jurisdiction over Maine defendant); *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 499 n. 6 (5th Cir.1974), *overruled on other grounds, Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–3, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982) (purposeful availment as required by due process clause cannot be inferred from the mere fortuity that the plaintiff happens to be a forum resident).

■ Even had Plaintiff carried its burden of establishing sufficient contacts for the exercise of specific jurisdiction, the Court concludes that the exercise of that jurisdiction would not comport with traditional notions of fair play and substantial justice. Kann and the Inn had been content to ply their trade in Sacramento, unconcerned with goings on in Texas until they began receiving phone calls from customers who inquired about accommodations in cities other than Sacramento, even though these defendants have no hotels outside of Sacramento. After Elizabethan Inn determined that the errant calls seeking reservations at "Sterling Hotels" stemmed from Plaintiff's original designation of its all suite chain, Defendants' attorney contacted the persons who Elizabethan Inn thought were responsible for the confusion. One could not say with a straight face that through these actions Kann and the Inn could reasonably foresee being haled into a Texas forum. Simply stated, these defen-

---

1. Nor does the existence of both of these "contacts," taken together, establish general jurisdiction.

**204**

dants have not purposefully availed themselves of this forum so that the exercise of personal jurisdiction over them would comport with the requirements of due process. They have not purposefully availed themselves of the benefits and protections of the forum's laws. *See Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1268 (5th Cir.1981).

In a related point, the Court determines that these defendants' purposeful interjection is negligible if not nonexistent[2] and that an alternate forum readily exists. The burden on these defendants of appearing locally is severe, and it appears that Texas would have little interest in adjudicating a dispute so unconnected with the state, itself. The shared interests of all states involved in furthering their respective policies counsel toward a finding that the Court's exercise of personal jurisdiction over Kann and the Inn would not comport with traditional notions of fair play and substantial justice, for the interests of the State of California in having its domiciliaries haled into a distant forum for the redress of potential grievances having a *de minimis* nexus with that foreign forum implicate concerns of comity that, themselves, militate toward the truth that exercising personal jurisdiction here would be both unfair and unjust. Although the plaintiff always has an interest in obtaining convenient and effective relief, which from any plaintiff's point of view would be best accomplished in a plaintiff's home town, the interstate judicial system's interest in obtaining the most efficient resolution of controversies must be privileged over the plaintiff's interest in litigating in its own back yard.

For the foregoing reasons, the Court determines that the motion of Kann and Elizabethan Inn. should be, and hereby is, GRANTED. These two defendants are hereby DISMISSED from this suit for lack of personal jurisdiction.

SO ORDERED.

2. De minimis non curat lex. (The law does not concern itself with trifles.)