**SALEM RADIO REPRESENTATIVES, INC, Plaintiff,**

v.

**CAN TEL MARKET SUPPORT GROUP, Carl Zimmerman, Henry C. Zimmerman, Temecula Family Trust, and David Garrison, Defendants**

Civil No. 3:99–CV–2048–H.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 7, 2000.

Tom D. Matthews, Jr., Robert Eden, Matthews Carlton Stein Shiels Pearce Dunn & Knott, Dallas, TX, for plaintiff.

Jim L. Fiegle, Scott Roberts, Bracewell & Patterson, Dallas, TX, for defendants Can Tel & Zimmerman.

Michael O'Toole, Falkin & O'Toole, Dallas, TX, for defendant Garrison.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant Harry Zimmerman and Temecula Family Trust's Motions to Dismiss, filed May 11, 2000, and all responses and replies thereto; and Defendants' Joint Motion to Transfer for Convenience, filed July 24, 2000, and all responses thereto. Upon review of the arguments and authorities, as well as the evidentiary submissions of the parties, the Court determines that it does not have personal jurisdiction over Defendants Harry Zimmerman ("H.Zimmerman") and Temecula Family Trust ("Temecula"). Further, the Court declines to transfer this case to the Central District of California under 28 U.S.C. § 1404(a). Therefore, for the reasons stated below, Defendants' Motions to Dismiss are **GRANTED** However, the Court **DENIES** Defendants' Motion to Transfer for Convenience.

### I. BACKGROUND

Plaintiff Salem Radio Representatives ("SRR") initially brought this action in the District Court of Dallas County against Defendants Can Tel Market Support Group (a California partnership) and Carl Zimmerman (Can Tel's general partner) for breach of contract under Texas law. Defendants removed the lawsuit to federal court based on the complete diversity of the parties. The basis of this lawsuit is a series of contracts whereby Salem Radio Representatives would place advertisements for Can Tel Market Support Group on various radio stations in several states.

After removal, Carl Zimmerman and Can Tel moved to dismiss, arguing that they had insufficient contacts with the State of Texas for this Court to exercise personal jurisdiction over them. The Court denied those motions to dismiss, finding a prima facie case that Carl Zimmerman and Can Tel each had sufficient minimum contacts relating to the contracts at issue to create specific jurisdiction. *See* Memorandum Opinion and Order, filed November 16, 1999.

Shortly after the Court ruled, Plaintiff amended its complaint to add Defendants Harry Zimmerman (identified as "Henry Zimmerman" in the style), David Garrison, and Temecula Family Trust Harry Zimmerman and Temecula are partners in Can Tel Market Support Group, the California partnership, Carl Zimmerman is the other partner. Harry Zimmerman and Temecula now move to dismiss, alleging that they have insufficient contacts with the State of Texas to permit this Court to exercise personal jurisdiction.

Moreover, Defendants David Garrison, Can Tel, Harry Zimmerman, Carl Zimmerman, and the Temecula Family Trust move to transfer this case to the U S District Court for the Central District of California, Riverside Division, under the doctrine of *forum non conveniens*, pursuant to 28 U.S.C. § 1404(a). The Court will address each motion in turn.

### II. DEFENDANTS' MOTION TO DISMISS

#### A. Standard for Personal Jurisdiction

■ A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the defendant has committed an act that confers jurisdiction under the Texas long-arm statute, *see* TEX. CIV. PRAC. & REM. CODE § 17.042 (West 1997), and (2) the exercise of jurisdiction under that statute does not deprive the defendant of the due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992), *cert. denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992); Because courts have interpreted the Texas long-arm statute to extend to the limits of due process, *see Schlobohm v. Schapiro*, 784 S.W.2d 355,

357 (Tex.1990), the sole inquiry for the Court is whether the assertion of personal jurisdiction over Defendants comports with federal constitutional requirements. *See Aviles v. Kunkle,* 978 F.2d 201, 204 (5th Cir.1992).

■ In *International Shoe Co. v. Washington,* the Supreme Court held that due process of law is satisfied if the defendant has minimum contacts with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation omitted). The plaintiff must establish that the defendant had "minimum contacts" with the forum state. That is, the plaintiff must establish that the defendant, by some affirmative act, purposefully availed itself of the privilege of conducting activities in the forum, "thus invoking the benefits and protections of its laws" *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Jones,* 954 F.2d at 1068 ("Those activities, whether direct acts in the forum or conduct outside the forum, must justify a conclusion that the defendant should reasonably anticipate being called into court there.") (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

■ Minimum contacts with a forum state may arise incident to a federal court's "general" or "specific" jurisdiction over a nonresident defendant *See Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990). General jurisdiction exists when a nonresident defendant has engaged in continuous and systematic contacts with the forum state. *See Jones,* 954 F.2d at 1068 If the plaintiff cannot show contact sufficient for general jurisdiction, the plaintiff may try instead to satisfy the minimum contacts test through specific jurisdiction. That is, plaintiff may establish that the

lawsuit arises out of, or relates to, the nonresident defendant's particular activity or contacts with or within the forum state. *See id.; see also Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir.1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987).

**B. Analysis**

■ It is clear from the pleadings [1] and evidence that Defendants Harry Zimmerman and Temecula have no direct contacts with the State of Texas, to afford either specific or general jurisdiction. Neither Temecula nor H. Zimmerman reside in Texas, own property in Texas, or conduct business in Texas Nor has either Defendant made any contacts with Texas relating to the facts giving rise to this lawsuit they never communicated with Salem Radio employees in Texas by letter, phone or fax. Plaintiff has provided no evidence to show that H. Zimmerman or Temecula were in any way involved in the negotiation of the contracts at issue, or in the actions that resulted in breach. Indeed, the sole basis for personal jurisdiction over these to parties, Plaintiff argues, is that because the Court has personal jurisdiction over the general partnership (Can Tel Market Support Group), it must also exercise personal jurisdiction over the individual partners, regardless of their personal contacts with the forum.

■ Plaintiff's argument begins with the inapposite proposition that, because H Zimmerman and Temecula may be liable for partnership debts as general partners, then this Court must also exercise personal jurisdiction. This impermissibly confuses the concepts of liability and personal jurisdiction. *See Rush v. Savchuk,* 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980). Naturally, the parties' relationship with each other may be significant in eval-

1. Plaintiff filed a "Supplemental Brief in Response to Defendant's Motion to Dismiss" on June 19, 2000, after Defendants' Motion to Dismiss had been fully briefed. Plaintiff's pleading is a surreply, which may not be filed without leave of Court. *See* Local Rule 56.7.

Realizing its mistake, Plaintiff subsequently filed a motion for leave to file a surreply, which was opposed by Defendants. The Court **DENIES** Plaintiff's motion for leave, and does not consider the surreply in reaching its decision.

uating their ties to the forum; however, the requirement of minimum contacts must be met as to *each* defendant. *See id.* at 332, 100 S.Ct. 571 (emphasis added) It is not disputed that, the individual partners (H. Zimmerman and Temecula Family Trust) may be jointly and severally liable should judgment enter against the partnership, Can Tel However, there is no showing that H. Zimmerman and Temecula had any relationship with Carl Zimmerman and Can Tel relating to the facts underlying this lawsuit, that they would anticipate being haled into court in Texas.

Plaintiff cites a district court case from this circuit as binding authority that merely as partners, they are subject to jurisdiction of this court, *Oxford Mall Co. v. K & B. Miss. Corp.*, 737 F.Supp. 962 (S.D.Miss. 1990), and notes that the Court cited it in its November 16 Order However, in that Order, the Court cited *Oxford Mall* as persuasive authority that Carl Zimmerman could not be shielded by agency law from personal jurisdiction for his actions on behalf of Can Tel, not as binding authority that Carl Zimmerman was haled into court solely because he was a partner in Can Tel. Without binding Fifth Circuit authority for that conclusion, this Court refuses to hold that the minimum contacts of a partnership should be imputed to partners with no individual contacts Plaintiff's sole reliance on *Oxford Mall* is based on an erroneous interpretation of this Court's earlier opinion.

In sum, the Court finds that Plaintiff has failed to establish *prima facie* that H. Zimmerman and Temecula have sufficient minimum contacts for this Court to exercise personal jurisdiction. Further, it would not comport with notions of fair play and substantial justice to exercise jurisdiction over two general partners that have no contacts with this state, solely on the basis of the contacts of the partnership with the forum state. Harry Zimmerman and Temecula Family Trust's Motion to Dismiss is **GRANTED,** they are **DISMISSED** from this suit for lack of personal jurisdiction.

## III. Defendants' Motion To Transfer Venue

Defendants David Garrison, Can Tel, Harry Zimmerman, Carl Zimmerman and Temecula Family Trust move to transfer this case to the United States District Court for the Central District of California, Riverside Division.

### A. Standard

 This motion is brought pursuant to 28 U.S.C. § 1404(a) which provides:

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Whether to transfer venue in a particular action is committed to the sound discretion of the district court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988). The moving party bears the burden of proving that transfer is appropriate. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989). When determining if a case should be transferred to another forum, the trial court "must consider 'all relevant factors to determine whether or not the balance of litigation would more conveniently proceed and the interest of justice be better served.' " *Id.* (quoting C. Wright, A. Miller & E. Cooper, Federal Practice And Procedure § 3847, at 370 (1986)).

 While Plaintiffs' choice of forum is a paramount consideration in the Court's inquiry, the motion is subject to other considerations. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In deciding whether the convenience of parties and witnesses and the interests of justice counsel transfer, the Court may consider the following factors, the availability and convenience of witnesses and parties; the location of books and records; the place of the alleged wrong; the possibility of delay; the location of counsel; and the plaintiff's choice of forum. *Gulf Oil*

*Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

### B. Analysis

■ Upon consideration of the briefs of the parties, and the appendices submitted therewith, the Court finds that the balance of factors weighs against transfer of this case to the Central District of California.

■ First, motions for change of venue must be filed with "reasonable promptness." *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989). Defendants moved to transfer this case nearly eighteen months after the case was initially filed in state court, and eleven months after the case was removed to federal court. Moreover, Defendants did not challenge venue in the Joint Status Report filed with this Court October 4, 1999. This case was originally scheduled for trial in October, 2000, and has been moved by request of Defendants to February, 2001 Transferring this case to California at this late stage will only serve to upset the trial schedule and delay the forthcoming disposition of Plaintiff's claims

Second, Defendants have failed to establish that the convenience of the witnesses and the parties will be served by transfer of this case to California. The six fact witnesses Plaintiff specifically identifies, that will compose Plaintiff's case in chief, reside in the Dallas area Defendants have failed to identify particular witnesses from California that are essential to the case, and for which a transfer is necessary.

Although the Defendants primarily reside in California, the Court has now dismissed two of those California parties that over whom it does not have personal jurisdiction It appears that Defendants' motion merely seeks to transfer for their own convenience, rather than the convenience of the witnesses or in the interest of justice. A district court "will not transfer any case where the only practical effect is a shifting of inconveniences from the non-moving party to the moving party." *Sand-*

*ers v. State St. Bank and Trust Co.,* 813 F.Supp. 529, 535 (S.D.Tex.1993).

Although the illness of Carl Zimmerman and Harry Zimmerman does weigh in the convenience calculus, the Court notes that there is no evidence of their inability to travel to Dallas, other than conclusory assertions in the pleadings. Moreover, as Plaintiff points out, the Defendants sent a duly authorized representative to mediation in Dallas; it is likely the same representative can attend further proceedings in this Court.

Although some of the settlement negotiations have occurred in California, the court-ordered mediation took place in Dallas. Defendant points to Plaintiff's motion for sanctions filed after that mediation as evidence of the inconvenience of the forum, as Plaintiff sought reimbursement of travel expenses as a sanction. However, the Court understood that motion as evidencing Plaintiff's dissatisfaction with the purported inability of Defendant's representative to bind Defendant to settlement, rather a complaint of the inconvenience of travel to Texas. Moreover, since the discovery deadline looms closer (November 6, 2000, to be exact), the parties should be close to finishing their exchange of documents. Therefore, it is doubtful that the location of books and records will affect transfer decision.

■ Finally, the Plaintiff's choice of forum is "highly esteemed" and should not be lightly disregarded. *See Peteet v. Dow Chemical Co.,* 868 F.2d at 1436. There is no reason to believe Plaintiff has forum shopped by filing suit in this state; the Court has already found in its Memorandum Opinion and Order of November 16, 1999, that the services provided by Plaintiffs under contract were conducted in Texas. Venue rules afford a party protection against being forced to litigate an action remote from the place where the events underlying the controversy occurred. *See generally League of United Latin American Citizens v. Clements,* 986 F.2d 728, 737 (5th Cir.1993).

## IV. CONCLUSION

Plaintiff has failed to establish that Defendants Harry Zimmerman and Temecula Family Trust have sufficient minimum contacts with the state of Texas for the purpose of personal jurisdiction. Therefore, H Zimmerman and Temecula's Motions to Dismiss are **GRANTED** Moreover, for the reasons stated above, the Court declines to transfer this case to California pursuant to 28 U.S.C. § 1404(a) for convenience; Defendants' Motion to Transfer is **DENIED.**

SO ORDERED.