United States Court of Appeals,

Fifth Circuit.

No. 91–2741.

Matias AVILES, et al., Plaintiffs–Appellees,

v.

Donald KUNKLE, d/b/a, Kunkle Farms, and Richard Kunkle, Defendants–Appellants.

Nov. 27, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, JOHNSON, and DUHÉ, Circuit Judges.

PER CURIAM:

In this case, defendants Donald and Richard Kunkle appeal the judgment of the district court, 765 F.Supp. 358 (S.D.Tex.1991), challenging *inter alia* the court's exercise of specific personal jurisdiction over them. Finding that the district court lacked personal jurisdiction over the defendants, we vacate the judgment of the district court and remand with instructions to dismiss.

I.

Members of three families of migrant farm workers filed suit in federal district court in Texas against farmers Donald and Richard Kunkle, d/b/a Kunkle Farms; their father, Elmer Kunkle; and Carlos Felix, their foreman, for federal employment claims arising out of their participation in the 1983 cucumber and tomato harvest at Kunkle Farms in Ohio.[1] Defendants, jointly represented by two attorneys, moved to dismiss for lack of personal jurisdiction. The court determined that plaintiffs had established a prima facie case of personal jurisdiction and set the matter for trial.[2]

---

[1]Liability is premised on alleged violations of two federal statutes, the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 et seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., occurring during the 1983 harvest season. Specifically, plaintiffs alleged, and the district court found, violations of the information and recordkeeping requirements of the AWPA, 29 U.S.C. § 1821(a), (b), (c), & (d), and violation of the minimum wage requirement of the FLSA, 29 U.S.C. § 206(a)(1).

[2]On the eve of trial, Donald Kunkle informed the court that he had discharged his counsel and wished to proceed pro se. The court allowed counsel to withdraw as attorneys of record for Donald and for Kunkle Farms. Neither defense attorney had any further participation in the case. Only Donald appeared for trial, although each of the Kunkles filed identical pro se motions to

Plaintiffs did not allege any facts that would support general jurisdiction over any defendant. The district court found specific jurisdiction over Donald, Richard, and Felix; dismissed suit as to Elmer; held that Felix had no liability; and entered judgment against Donald and Richard jointly and severally. Donald and Richard appeal.[3]

The district court's conclusion with respect to personal jurisdiction is based on the following facts found by the district court. The three Kunkles are Ohio residents, who have no direct contacts with Texas. Donald and Richard Kunkle operate a farm in Northern Ohio as partners. Felix is a resident of Florida. All plaintiffs are residents of Texas. Several of the plaintiffs worked at Kunkle Farms in Ohio during the 1982 harvest. While still in Ohio at the end of the 1982 harvest, certain plaintiffs accepted employment at Kunkle Farms for the 1983 harvest. No specific date was set for their return at this time. During the spring of 1983, someone representing Felix made a collect telephone call from Florida to one of the plaintiffs in Texas and informed her when the harvest would begin. Someone wrote to another plaintiff on behalf of Felix and told him to arrive at Kunkle Farms by June 20th. These plaintiffs gave this information to several of the other plaintiffs who were interested in work. Plaintiffs arrived in Ohio by the communicated date but were unable to start work for two or three weeks because the crop was not yet ready.

## II.

When a federal question case is based upon a federal statute that is silent as to service of process, Federal Rule of Civil Procedure 4(e) permits a federal court to exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which that court sits. *Point Landing, Inc. v. Omni Capital Int'l, Ltd.,* 795 F.2d 415, 419 (5th Cir.1986), *aff'd sub nom. Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 105–06, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987). The AWPA and FLSA, under which plaintiffs claim, are two such statutes. *See* 29 U.S.C. § 216 (1988); 29 U.S.C.A. § 1854 (West Supp.1992); *cf. Omni Capital,* 484 U.S. at 106,

---

dismiss for lack of jurisdiction.

[3]Although only Donald signed the original notice of appeal, Richard filed a valid notice of appeal within the deadline specified by the Clerk, and his appeal is proper.

108 S.Ct. at 410 (declining to infer nationwide service of process under federal statute where Congress has not expressly provided for such). Therefore, defendants' amenability to personal jurisdiction in this case must be determined under Texas' long-arm statute. *See Omni Capital,* 484 U.S. at 105, 108 S.Ct. at 410; *Point Landing,* 795 F.2d at 419. Because Texas' long-arm statute extends personal jurisdiction to the constitutionally permissible limits of due process, *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 193, —— L.Ed.2d —— (1992); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990), the determination of personal jurisdiction compresses into a due process assessment. *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir.1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987); *U–Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977).

Due process limits a court's assertion of personal jurisdiction over nonresident defendants to cases where these defendants purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). For the forum to properly assert specific personal jurisdiction over a nonresident defendant, the defendant must have "purposefully directed" his activities at the residents of the forum, and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1984) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)). To exercise specific jurisdiction, defendants' contacts with the forum which are asserted as the basis for jurisdiction must be related to the subject matter of the controversy. *Holt Oil,* 801 F.2d at 777; *see also Patterson v. Dietze, Inc.,* 764 F.2d 1145, 1146 (5th Cir.1985) (exercise of specific jurisdiction requires a determination of whether defendant had necessary minimum contacts with forum "as a result of affirmative acts performed in connection with the subject matter of th[e] litigation"). Based on the district court's factual findings and on this record, we cannot find that the requisite minimum contacts

exist in this case for the proper exercise of personal jurisdiction over the defendants.

The district court found the assertion of specific personal jurisdiction over the defendants to be proper because of the partial performance of a contract in Texas,[4] the partial commission of a tort in Texas,[5] and the recruitment of Texas residents in Texas for employment outside the state. Such actions can in some cases provide the requisite minimum contacts permitting a court to exercise personal jurisdiction over a nonresident defendant, but only if the asserted cause of action arises out of these "contacts." *See, e.g., Burger King,* 471 U.S. at 472, 105 S.Ct. at 2181; *Holt Oil,* 801 F.2d at 777; *Patterson,* 764 F.2d at 1146; *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542 (5th Cir.1985). In the case at bar, however, plaintiffs' cause of action is not based upon any contract, tort, or recruitment in Texas, but upon the alleged violation of two federal statutes arising solely out of their employment in Ohio. Therefore, specific jurisdiction may not be founded on any of these bases. *See Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182; *Holt Oil,* 801 F.2d at 777; *Patterson,* 764 F.2d at 1146.

Additionally, based on the specific facts found by the district court and the record before us, we cannot find that the requisite minimum contacts exist between the nonresident defendants and the forum in this case. The alleged federal violations occurred wholly in Ohio sometime after the harvest season began. The district court specifically found that plaintiffs' AWPA and FLSA claims arose out of their employment at the Kunkles' Ohio farm during the 1983 pickle and tomato harvest, not out of any contacts upon which the district court predicated its exercise of personal jurisdiction. The district court also found that certain of plaintiffs had accepted employment for Kunkle Farms' 1983 cucumber and tomato harvests while still in Ohio following the 1982 harvest. Defendants' only contact with Texas was one telephone call and one letter which merely advised plaintiffs of the start date of the employment which they had already accepted the previous summer in Ohio. This limited

[4]The district court concluded that the communication from defendants' agent regarding start date, plaintiffs' preparation for the trip, and at least some of the journey to Ohio constituted part performance of a contract in Texas.

[5]The district court found that the misrepresentation by defendants' agent in the telephone communication and the letter regarding the start date of the harvest constituted a tort committed partially in Texas.

contact alone is insufficient to allow the exercise of specific personal jurisdiction in this case. *See, e.g., Holt Oil,* 801 F.2d at 778 (communications to Texas forum insufficient to confer specific jurisdiction over nonresident defendant where communications to forum rested on mere fortuity that plaintiff was a resident of the forum); *Coldwell Realty Investments v. Triple T Inns,* 785 F.2d 1330, 1334 (5th Cir.1986) (merely contracting with resident of forum state insufficient to subject nonresident to forum's jurisdiction); *Patterson,* 764 F.2d at 1147 (where vast majority of parties' activities are conducted in a foreign state, incidental contacts with forum are insufficient to confer specific jurisdiction over nonresident defendant); *Barnstone v. Congregation Am Echad,* 574 F.2d 286 (5th Cir.1978) (negotiations by telephone and mail with Texas architect regarding construction of a synagogue in Maine did not confer personal jurisdiction over Maine defendant); *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 496 & n. 23 (5th Cir.1974) (purposeful availment as required by the due process clause cannot be inferred from the mere fortuity that plaintiff happens to be a forum resident); *see also Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182.

Therefore, based on the specific facts found by the district court and the record before us, we cannot find that the requisite minimum contacts exist between the nonresident defendants and the State of Texas so as to have allowed the district court to properly exercise personal jurisdiction over the defendants.

The judgment of the district court is VACATED and the case is remanded to the district court with instructions to dismiss the complaint. Each party shall bear its own costs.