Francisco **ASTORGA**, et al., Plaintiffs,

v.

**CONNLEAF, INC.,** Defendant.

No. EP–96–CA–366–H.

United States District Court, W.D. Texas.

Sept. 11, 1996.

94

Francisco X. Dominguez, Texas Rural Legal Aid, Inc., El Paso, TX, for Plaintiffs.

Clara B. Burns, Kemp, Smith, Duncan & Hammond, P.C., El Paso, TX, Ken Coffman, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, TX, for Defendant.

### *ORDER DENYING DEFENDANT'S MOTION TO DISMISS*

HUDSPETH, Chief Judge.

This is a case involving the alleged exploitation of migrant workers. Defendant, through Carlos Moran, an El Paso-based labor contractor, recruited and hired Plaintiffs to harvest tobacco in Massachusetts. Defendant corporation worked closely with Moran by providing him with literature that enabled him to recruit employees. Among the materials that were sent by Defendant to Moran were the "Migrant Labor Contracts" that were ultimately signed by Plaintiffs. The employment contracts contained a number of promises that were allegedly breached when Plaintiffs reached Massachusetts. Accordingly, Plaintiffs filed the present lawsuit in the 327th Judicial District Court, El Paso County, Texas alleging that Defendant violated the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) and the Fair Labor Standards Act (FLSA) by: paying Plaintiffs less than the minimum wage, wrongfully deducting money from Plaintiffs'

paychecks, failing to post housing conditions, failing to provide housing that meets federal and state safety and health requirements, causing Plaintiffs to suffer personal injuries, and endangering the life and safety of Plaintiffs. The case was subsequently removed to this Court pursuant to 29 U.S.C. § 1854(a).

■ Defendant moves the Court to dismiss Plaintiffs' complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. Plaintiffs bear the burden of establishing this Court's personal jurisdiction over Defendant. *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992), *cert denied*, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136. When the district court decides the defendant's motion to dismiss for want of personal jurisdiction without an evidentiary hearing, the plaintiff's burden is met by presenting a prima facie case for personal jurisdiction. The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff for the purposes of determining whether a prima facie case for personal jurisdiction has been established. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985).

■ Since the AWPA and FLSA are silent with regard to service of process, this Court may exercise personal jurisdiction over only those defendants who are subject to the jurisdiction of Texas courts. *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir.1992). Accordingly, Defendant's amenability to personal jurisdiction in this Court is governed by Texas' long-arm statute. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 106, 108 S.Ct. 404, 411, 98 L.Ed.2d 415 (1987). Texas' long-arm statute extends personal jurisdiction to the constitutionally permissible limits of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990). Therefore, the determination of personal jurisdiction in the present case compresses into a due process assessment. *Aviles,* 978 F.2d at 204.

The Due Process Clause requires that an individual be given "fair warning" that a particular type of activity might subject him to the jurisdiction of a foreign forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1984). This requirement is satisfied if a defendant has purposefully directed his activities at residents of the forum state and the litigation results from harm arising out of or relating to those specific activities. *Id.; Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 772, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). It is not always necessary that the defendant come to the forum state in person; mail and wire communications across state lines, if they are purposefully directed toward a resident of the forum state, may suffice to establish minimum contacts. *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2184.

■ The record before the Court provides ample support for Plaintiffs' contention that Defendant had minimum contacts with Texas. The uncontroverted affidavit of Carlos Moran shows that he worked closely with Defendant to recruit agricultural workers for the 1994 tobacco harvest. In particular, Defendant sent Moran a package of contracts and company regulations that were used to recruit workers in Texas. During the process of recruiting the Plaintiffs, Moran had several telephone conversations with Defendant's home office, some of which were initiated by Defendant. After Moran recruited the Plaintiffs, Defendant sent him a contracting fee as well as enough money to pay each of the Plaintiffs' travel expenses. The sworn statements of several of the Plaintiffs also confirm that they were recruited in Texas. These contacts are sufficient to satisfy the "minimum contacts" requirement of the due process test.

Defendant's assertion that *Aviles v. Kunkle* is dispositive of the present case is incorrect. In *Aviles*, the Fifth Circuit ordered the district court to dismiss a complaint where "[d]efendants' only contact with Texas was one telephone call and one letter which merely advised plaintiffs of the start date of the employment they had already accepted the previous summer in Ohio." *Aviles*, 978 F.2d at 205. The facts of the case presently before the Court require a different result than that in *Aviles*. The contacts between Defendant and Texas greatly exceeded one tele-

phone call and one letter. In *Aviles,* the Fifth Circuit expressly stated that the plaintiffs' cases were not based upon any contract or recruitment in Texas. *Id.* In the present case, Plaintiffs were recruited in Texas and their employment contracts were signed in Texas.

 Even though Plaintiffs' have shown "minimum contacts" in the present case, the Court is obligated to consider the contacts in light of other factors to determine whether the assertion of personal jurisdiction over Defendant would comport with "fair play and substantial justice." *Burger King,* 469 U.S. at 64, 105 S.Ct. at 477; *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). In reviewing the fairness of requiring Defendant to litigate this case in Texas, the Court may consider such factors as the burden on Defendant, Texas' interest in adjudicating the dispute, the Plaintiffs' interest in obtaining convenient and effective relief, and the interests of the several states. *Asahi Metal Ind. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). Defendant's statement that "Texas has no interest in asserting jurisdiction over Connleaf" is entirely misplaced. Texas has a significant interest in preventing its citizens from being exploited by out-of-state employers. Texas' interest is reflected in the specific provision of its long-arm statute that a nonresident who recruits Texas residents for employment outside the state is subject to service of process. TEX. CIV. PRAC. & REM. CODE § 17.042(3). Furthermore, Defendant is a sophisticated corporation that has already retained local counsel to defend the present lawsuit. Plaintiffs, on the other hand, will be unable to pursue their claims unless the case remains in Texas. The assertion of personal jurisdiction by this Court is fair and safely within the limits imposed by due process. In light of the factors articulated by the United States Supreme Court in *Asahi,* this Court's exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

 Finally, Defendants challenge venue pursuant to Federal Rule of Civil Procedure 12(b)(3). This argument fails because the AWPA provides that "any person aggrieved by a violation of this chapter ... may file suit in any district court of the United States having jurisdiction over the parties, ... without regard to citizenship of the parties." 29 U.S.C. § 1854(a). Since this Court has jurisdiction over the parties, the case is properly venued in this Court. *Stewart v. Woods,* 730 F.Supp. 1096, 1097 (M.D.Fla.1990). Additionally, venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

It is therefore ORDERED that Defendant's 12(b)(2) motion to dismiss for lack of personal jurisdiction be, and it is hereby, DENIED.

It is further ORDERED that Defendant's 12(b)(3) motion to challenge venue be, and it is hereby, DENIED.