IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30290
_____

SANDRA LOVETT, TERRY HAWK, RICHARD A. THRAILKILL,

                                    Plaintiffs/Appellees,

versus

MICHAEL G. SANDERSON, ET AL.,

                                    Defendants,

MILLIKEN & MICHAELS OF ARIZONA, INC., incorporated in Arizona,
with its principal place of business in Tucson, Arizona; MILLIKEN
& MICHAELS OF DELAWARE, INC., a Delaware corporation with its
principal place of business in Dover, Delaware; MILLIKEN &
MICHAELS OF NORTH CAROLINA, INC., a North Carolina corporation
with its principal place of business in Boone, North Carolina;
MILLIKEN & MICHAELS OF OREGON, INC., an Oregon corporation with
its principal place of business in Beaverton, Oregon, a sales
office only; MILLIKEN & MICHAELS OF COLORADO, INC., a Colorado
corporation and a sales office only; MILLIKEN & MICHAELS OF
TEXAS, INC., a Texas corporation,

                                    Defendants/Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-3380)
- - - - - - - - - -

June 18, 1999

Before KING, Chief Judge, and REAVLEY and BENAVIDES, Circuit
Judges.

BENAVIDES, Circuit Judge:[*]

     Six Defendants appeal the district court's decision to

exercise personal jurisdiction over them. We REVERSE.

_____

     *.   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The named Plaintiffs brought suit in the United States District Court for the Eastern District of Louisiana against twelve Defendant entities, including the Appellants here,[1] alleging that the Defendants failed to pay them and similarly situated employees overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. The Appellants, three full-service corporations and three sales-office corporations,[2] are each incorporated outside Louisiana. The Appellants moved to dismiss for failure of personal jurisdiction or, in the alternative, for transfer on the ground of forum non conveniens. The case was referred to a magistrate judge, who recommended that the district court grant the motion to dismiss for lack of personal jurisdiction.  The Plaintiffs filed objections to the recommendation, producing evidence regarding the control that Michael G. Sanderson, a Louisiana resident and the sole shareholder of each Defendant corporation, exercised over the Appellants'

---

1.   The remaining six Defendants do not challenge the district court's exercise of jurisdiction over them. Those Defendants are all Louisiana residents or corporations: Michael G. Sanderson, a Louisiana resident and the sole shareholder of each Defendant corporation; Patricia Downing Sanderson, a Louisiana resident; Milliken & Michaels, Inc., a Louisiana corporation; Milliken & Michaels of Louisiana, Inc., a Louisiana corporation; Milliken & Michaels Receivables Management, Inc., a Louisiana corporation; and Milliken & Michaels Credit Services, Inc., a Louisiana corporation.

2.   Three Appellants maintain and service their own client bases. Those Appellants (the "full-service Appellants") are Milliken & Michaels of Arizona, Inc.; Milliken & Michaels of Delaware, Inc.; and Milliken & Michaels of North Carolina, Inc. Three Appellants serve only as sales offices generating accounts to be collected by Milliken & Michaels Receivables Management, Inc. Those Appellants (the "sales-office Appellants") are Milliken & Michaels of Oregon, Inc.; Milliken & Michaels of Colorado, Inc.; and Milliken & Michaels of Texas, Inc.

policies with respect to employment and overtime pay. The district court found that the Plaintiffs established a prima facie case of sufficient contacts between the Appellants and Louisiana. The court therefore held that it could exercise personal jurisdiction over all the Defendants without offending due process.

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). In the case at bar, the magistrate judge and the district court reviewed the plaintiffs' and defendants' submissions and heard oral arguments but did not conduct evidentiary hearings. When no evidentiary hearing is held, the plaintiff, in order to bear its burden, need only present a *prima facie* case that jurisdiction is proper. *See id.* (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). In determining whether a *prima facie* case for personal jurisdiction exists, the court must resolve factual conflicts in the plaintiff's favor. *See id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990)). We review de novo the district court's legal decision to exercise personal jurisdiction, *see id.* at 647-48 (citing *Bullion*, 895 F.2d at 216), using the same standards employed by the district court.

The path for a district court to follow in deciding whether to exercise personal jurisdiction over an out-of-state defendant in a federal-question case is well-trodden and clear. The court

-3-

must look first to the service-of-process provisions of the federal statute from which the case arises. *See Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 105-06, 108 S. Ct. 404, 410 (1987). When the statute is silent as to service of process, as the FLSA is, *see* 29 U.S.C. § 216; *Aviles v. Kunkle*, 978 F.2d 201, 203-04 (5th Cir. 1992), the federal court may reach those entities that are subject to the jurisdiction of the state in which the district court sits. *See* Fed. R. Civ. P. 4(e); *Point Landing, Inc. v. Omni Capital International, Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital International, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S. Ct. 404 (1987). Louisiana's long-arm statute permits its state courts to exercise jurisdiction over nonresident aliens to the full limits allowed by constitutional due process. *See* La. Rev. Stat. Ann. § 13:3201(B) (West 1999); *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). Our analysis thus amounts to an inquiry into whether the district court's exercise of jurisdiction comports with constitutional due process requirements. *See id.*

Constitutional due process principles permit a court to exercise jurisdiction over a nonresident defendant when that defendant has established sufficient "minimum contacts" with the forum state and the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 2184 (1985). A court considers five factors in assessing

-4-

whether its exercise of jurisdiction meets the fairness prong of the due process inquiry: (1) the burden upon the nonresident defendant to litigate in that forum; (2) the forum state's interests in the matter; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states' shared interest in furthering substantive social policies. *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987).

Minimum contacts may be established under a theory of specific jurisdiction or under a theory of general jurisdiction. *See, e.g.*, *Felch v. Transportes Lar-Mex Sa De Cv*, 92 F.3d 320, 324 (5th Cir. 1996) (quoting *Wilson*, 20 F.3d at 746). Specific jurisdiction exists when a plaintiff's claim arises out of a foreign defendant's specific activity within the forum state. Although the "specific activity" may be a single act, *see, e.g.*, *Bullion*, 895 F.2d at 216, the foreign defendant must have purposely undertaken the in-state activity; it may not be a consequence of the plaintiff's unilateral action. *See, e.g.*, *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1988). General jurisdiction exists when a foreign defendant's contacts with a state have been "continuous and systematic." *See, e.g.*, *id.* General jurisdiction may attach in the absence of specific jurisdiction, *see id.*, and the forum state need not have a direct interest in the action in order to exercise general jurisdiction. *See, e.g.*, *Felch*, 92 F.3d at 326.

Applying these standards to the case at bar, the district court concluded that it could properly exercise personal jurisdiction over the Appellants.

The court found that specific jurisdiction existed because Michael Sanderson, a Louisiana resident, recommended the overtime wage policy that the Appellants followed and, thus, the Plaintiffs' "claims for unpaid overtime wages arise out of and are directly related to defendants' contacts with Louisiana." We find this determination legally incorrect. Even assuming that Sanderson insisted upon a specific overtime policy, a foreign corporation's mere adherence to a policy set in a forum state is not the kind of activity encompassed by the doctrine of specific jurisdiction. The *Burger King* decision explains:

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the] "fair warning" requirement is satisfied if the defendant has "*purposefully directed*" *his activities at residents of the forum* . . . and the litigation results from alleged injuries that "arise out of or relate to" those activities . . . .

*Burger King*, 471 U.S. at 472-73, 105 S. Ct. at 2182 (citations and footnotes omitted) (emphasis added). Here, the Appellants did not engage in any activity within Louisiana that affected that state's residents. Specific jurisdiction did not exist.

The district court also found that, as to the Appellant

full-service corporations, general jurisdiction existed under a corporate "alter ego" theory. The district court is correct that, in considering personal jurisdiction, it may rely on the activities of a corporation's "alter ego" to find that the corporation has sufficient minimum contacts with a forum state. *See, e.g.*, *Dalton*, 897 F.2d at 1363; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). Total stock ownership and commonality of officers and directors, however, will not suffice to establish an alter ego for jurisdictional purposes. Instead, the two entities must in reality be one and the same corporation. *See id.* at 1159-60. To that end, the district court stated that, in this case, "the parent's control is pervasive enough for the corporate entities of the non-Louisiana defendants to be disregarded for purposes of personal jurisdiction." We disagree. The plaintiffs did not make any submissions on or present any evidence of the kind of pervasive "control by the parent over the internal business operations and affairs of the subsidiary," *Hargrave*, 710 F.2d at 1160, that has been found sufficient in this Circuit to disregard separate corporate identities for jurisdictional purposes.

As to the sales-office Appellants, we agree with the district court, and the Appellants have conceded, that sufficient minimum contacts exist between those offices and Louisiana to fulfill that prong of the due process analysis. We also agree with the magistrate judge, however, that "traditional notions of fair play and substantial justice" in this case counsel against

the district court's exercising jurisdiction. Louisiana's interest in seeing resolution of this conflict is slight, as the offended parties are residents of Oregon, Colorado, and Texas, and are employed by sales offices operating in those states. Neither the Plaintiffs' opportunity to secure relief nor the several states' interest in FLSA policies will suffer if the Plaintiffs bring suits in their home states. Fairness dictates that courts in Oregon, Colorado, and Texas assume jurisdiction over the claims of in-state residents against corporations operating out of those states.

Accordingly, the district court's decision to exercise jurisdiction over the Appellants is REVERSED and the case is REMANDED to the district court to grant the Appellants' motions to dismiss.