IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20969
Summary Calendar
_____

VINCENT GERMANO; SOPHIE GERMANO,

Plaintiffs-Appellants,

versus

THE FIRST NATIONAL BANK OF BETHANY,
OKLAHOMA, (FNB); its Officers and
Directors individually and severally;
PETER G. PIERCE; PETER G. PIERCE, III;
CHRIS H. PIERCE; NELSON PICKREL;
JOEL I. CARSON; THE LAW FIRM OF CARSON,
RAYBURN, PIERCE & MUELLER; ALAN M.
REAVES; ALAN C. DURBIN; THE LAW FIRM
OF ANDREW, DAVIS, LEGG, BIXLER, MILSTEN,
& MURRAH,individually and severally;
CHARLES R. ROUSE; L. W. HOLBROOK;
MICHAEL ROLINAITIA; JEROME BLUMENTAL;
R. W. ABBOTT, II; DAVID PEPPER;
THE LAW FIRM OF LYNN & HELMS,
individually and severally; FLOYD TAYLOR;
SUSAN MANCHESTER; THE LAW FIRM OF
MISKOVSKY, SULLIVAN, TAYLOR & MANCHESTER,
individually and severally; CRAIG DODD;
THE LAW FIRM OF CRAIG DODD & ASSOCIATES,
individually and severally; J. W. COYLE;
JAMES B. BLEVINS, Judge; LAYN R. PHILLIPS,
Judge; RICHARD BOHANON, Judge; all
defendants jointly, individually and
severally,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-98-CV-2688

_____

March 5, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vincent and Sophie Germano appeal from the dismissal of their complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). They argue that the district court incorrectly granted summary judgment against them because genuine issues of material fact remained, that the district court disregarded the continuous due process violations visited upon them in the Oklahoma courts, that jurisdiction and venue is proper in Texas, that their claims are not time-barred or barred by res judicata, and that the district court's judgment was an abuse of judicial discretion.

This court reviews de novo a district court's dismissal of a case for want of personal jurisdiction. See Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 214 (5th Cir. 2000). To comport with due process, a nonresident defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(citation and quotation omitted).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Germanos have failed to present a prima facie case for the exercise of either specific or general jurisdiction.  The litigation results from alleged activities that occurred entirely in Oklahoma.  The bank's tangential contacts with the State of Texas are not of such a continuous and systematic nature as to support the exercise of personal jurisdiction.  <u>Aviles v. Kunkle</u>, 978 F.2d 201, 204-05 (5th Cir. 1992).  Accordingly, the judgment of the district court is

A F F I R M E D.