Pablo SARMIENTO, Plaintiff

v.

**PRODUCER'S GIN OF WATERPROOF, INC.,**
et al Defendants

No. CIV.A. M–06–092.

United States District Court,
S.D. Texas,
McAllen Division.

July 20, 2006.

Benjamin J. Weber, Douglas L. Stevick, Southern Migrant Legal Services, Nashville, TN, Lakshmi Ramakrishnan, Texas Riogrande Legal Aid, Weslaco, TX, for Plaintiff.

Rex N. Leach, Atlas and Hall, McAllen, TX, for Defendants.

### ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO TRANSFER

CRANE, District Judge.

Defendants Producer's Gin of Waterproof, Inc. and Robert White ("Defendants") move the Court to dismiss Plaintiff Pablo Sarmiento's cause for lack of personal jurisdiction and improper venue pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure. (Doc. 12). Alternatively, Defendants seek a transfer of venue according to 28 U.S.C. 1404(a). *Id.* Based upon the parties' motions, supporting evidence and arguments, the Court **DENIES** Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue and **DENIES** Defendants' Motion to Transfer for the reasons stated below.

### I. Background

Plaintiff, a migrant farm worker and Texas resident, brought this action against Defendants based on alleged violations of his rights under Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq.

(Doc. 1). Defendants operate a cotton gin in Louisiana. (Doc. 12). Plaintiff alleges that Defendants, acting through an agent in Texas named Guadalupe Gonzalez, recruited him to work in Louisiana. (Doc. 1; Doc. 16). Plaintiff contends that Gonzalez made him promises regarding the amount of work and wages in Louisiana; however, at no time did Gonzalez give Plaintiff a written disclosure of terms or employment contract. (Doc. 1). Plaintiff traveled to Louisiana in the alleged agent's van. (Doc. 1). Upon his arrival, he was terminated by Defendants. (Doc. 1).

In this action, Plaintiff asserts ten claims under AWPA, specifically alleging that Defendants (1) failed to disclose in writing the terms and conditions of employment at the time of recruitment in violation of 29 U.S.C. § 1821(a); (2) failed to provide adequate pay statements in violation of 29 U.S.C. § 1821(d)(2); (3) violated "the working arrangement without justification" in violation of 29 U.S.C. § 1822(c); (4) failed to post in a conspicuous place at the place of employment a poster setting forth the rights and protections afforded to migrant agricultural workers in violation of 29 U.S.C. § 1821(b); (5) failed to post in a conspicuous place at the housing or present to Plaintiff a statement of the terms and conditions of occupancy of the housing in violation of 29 U.S.C. § 1821(c); (6) housed workers in a facility that did not comply with substantive health and safety standards in violation of 29 U.S.C. § 1823(a); (7) failed to post in the housing facility a certificate of compliance with federal and state safety and health standards before allowing Plaintiff to occupy housing in violation of 29 U.S.C. § 1823(b); (8) used or caused to be used a vehicle to transport migrant agricultural workers that did not comply with federal safety standards in violation of 29 U.S.C. § 1841(b); (9) failed to confirm the registration of a farm labor contractor in violation of 29 U.S.C. § 1842; and (10) failed to provide recruitment disclosures and a statement of the terms and conditions of housing occupancy in Spanish in violation of 29 U.S.C. § 1821(g). (Doc. 1). Plaintiff does not raise any state law claims. (Doc. 1).

Defendants moved to dismiss Plaintiff's claim for lack of personal jurisdiction and improper venue according to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure. (Doc. 12). Specifically, Defendants aver that Defendant Producer's Gin of Waterproof, Inc. does not conduct business in the State of Texas, that Defendant Robert White, the general manager of the gin, does not reside or conduct business in the state of Texas, that all material witnesses, except for Plaintiff, and records are located in Louisiana, and that all the work done by Plaintiff and relevant allegations regarding the work conditions took place in Louisiana. (Doc. 12; Defendant's Affidavit). In the alternative, Defendants move to transfer Plaintiff's cause to the Western District of Louisiana under 28 U.S.C. 1404(a). (Doc. 12).

In response, Plaintiff argues that the alleged recruiting agent's actions in Texas constitute minimum contacts, and that several of his AWPA claims arise out of his transactions with the alleged agent, such that this Court may exercise personal jurisdiction over the Defendants. (Doc. 16). Plaintiff contends that his arguments are supported by specific evidence, namely his own affidavit. (Doc. 16, Exhibit A). Specifically, Plaintiff avers that he learned that Guadalupe Gonzalez was looking to recruit men for work at a cotton gin, that he met with Gonzalez in Donna, Texas, that Gonzalez made promises about the amount of work and pay, that Gonzalez required Plaintiff to ride in his truck to Louisiana because he would receive extra money for transporting workers, and that

Gonzalez did not give Plaintiff anything in writing about the job. *Id.* Based upon these factual allegations, and because Defendant White did not specifically controvert these facts in his affidavit, Plaintiff argues that sufficient contacts existed to exercise personal jurisdiction over the Defendants. (Doc. 16).

## II. Analysis

### A. Personal Jurisdiction

As a preliminary matter, the Court notes that a plaintiff opposing a motion to dismiss for lack of jurisdiction bears the burden of establishing jurisdiction. *Moreno v. Milk Train, Inc.*, 182 F.Supp.2d 590, 593 (W.D.Tex.2002) citing *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir.1990). In the absence of an evidentiary hearing, the court must accept as true all uncontroverted allegations in the complaint and resolve all factual conflicts contained in the parties' affidavits in favor of the plaintiff. *Moreno,* 182 F.Supp.2d at 593(internal citation omitted). Therefore, the plaintiff need only establish a prima facie case supporting personal jurisdiction. *Id.*(internal citation omitted).

Because AWPA is silent as to service of process, Federal Rule of Civil Procedure 4(e) permits a federal court to exercise jurisdiction over those defendants who are subject to the jurisdiction of Texas courts. *See Aviles v. Kunkle*, 978 F.2d 201, 203–04 (5th Cir.1992)(per curiam)(internal citations omitted); *Moreno,* 182 F.Supp.2d at 593(internal citation omitted). Therefore, the determination of Defendants' amenability to personal jurisdiction depends on the Texas long-arm statute's exercise of jurisdiction. *Aviles,* 978 F.2d at 204(internal citations omitted); *Moreno,* 182 F.Supp.2d at 593(internal citations omitted). The Texas long-arm statute confers personal jurisdiction over nonresident defendants to the constitutionally permissible limits of due process. *Aviles,* 978 F.2d at

204 citing *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992), cert. denied, 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); Tex. Civ. Prac. & Rem.Code §§ 17.041–17.045 (Vernon Supp.2006); *Moreno,* 182 F.Supp.2d at 593(internal citations omitted). Therefore, the court must determine whether exercising personal jurisdiction over Defendants is consistent with the Due Process Clause. *Id.*

Due Process requires that (1) the defendant have established "minimum contacts" with the forum state; and (2) the exercise of personal jurisdiction does not offend the "traditional notions of fair play and substantial justice". *Ham v. La Cienega Music Co.,* 4 F.3d 413, 415 (5th Cir.1993) citing *Asahi Metal Indus. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). With regard to the first requirement, "minimum contacts" are established when a nonresident defendant "purposefully avails himself of the benefits and protections of the forum state ..." *Marathon Oil Co. v. A.G. Ruhrgas,* 182 F.3d 291, 294–95 (5th Cir.1999)(internal quotations omitted). The defendant's connection must be such that he should reasonably anticipate being haled into court in the forum state. *Id.*(internal citation omitted).

Moreover, "the 'minimum contacts' prong can be subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' jurisdiction." *Id.* citing *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.,* 85 F.3d 201 (5th Cir.1996). The court appropriately exercises specific personal jurisdiction over a nonresident defendant only when his purposeful contacts with the forum state arise from or are directly relat-

ed to the cause of action. *Id.* citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction, on the other hand, is properly exercised when the nonresident defendant's contacts with the forum state are continuous, systematic, and substantial, even if they are unrelated to the cause of action. *Id.* citing *Helicopteros,* 466 U.S. at 415, 104 S.Ct. 1868 and *Wilson v. Belin,* 20 F.3d 644, 649 (5th Cir.1994).

█ Plaintiff insists that the Defendants, acting through their agent, established sufficient minimum contacts arising out of or related to his claims for this Court to exercise specific personal jurisdiction. (Doc. 16). As an initial matter, the Court notes that the alleged recruitment activities are defined as acts constituting business in this state by the Texas long-arm statute. *See* Tex. Civ. Prac. & Rem. Code § 17.042 ("[a] nonresident does business in this state if the nonresident ... recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state."). Plaintiff points out that not only are principals generally liable for the conduct of their agents, but nonresident employers are particularly liable for their recruiting agents' actions in the forum state. (Doc. 16). In support of this argument, Plaintiff provided three cases from the Southern District of Texas where personal jurisdiction was exercised over nonresident defendants in actions brought by migrant farmworkers. (Doc. 16, Exhibit B, C and D). However, in each of these cases, the agency relationship between the nonresident farmowner and the recruiting agent was supported by substantial evidence. *See Alonso v. Agrigenetics, Inc.,* Civ. No. B–04–005 (S.D.Tex.2005); *Martinez v. Murray Employment Agency, Inc.,* Civ. No. L–98–77 (S.D.Tex.1999); *Lo-*

*zano v. Gonya Farms, Inc.,* Civ. No. M–89–119 (S.D.Tex.1990). In this case, Plaintiff's affidavit testimony fails to allege any agency relationship between Guadalupe Gonzalez and Defendants. (Doc. 16, Exhibit A). Plaintiff avers that he learned that Gonzalez was looking to recruit men for work at an unspecified cotton gin. *Id.* He also avers that Gonzalez drove him to Louisiana. *Id.* Plaintiff did not sign any employment contract in Texas. *Id.* Plaintiff does not aver that he knew that Gonzalez was employed by or associated with Defendants. *Id.* Although Defendants do not specifically controvert their relationship with Gonzalez, Plaintiff did not support his allegation with any evidence. (Doc. 12; Doc. 16, Exhibit A).

A discrete body of caselaw exists in the Fifth Circuit involving the exercise of personal jurisdiction over nonresident defendants in suits brought by migrant farmworkers. On one end of the spectrum, the Fifth Circuit determined that the exercise of personal jurisdiction was improper where the plaintiff's cause of action arose out of violations of a federal statute that occurred in Ohio and the nonresident defendant made one telephone call and sent one letter advising the plaintiffs of their start date for employment the plaintiffs had learned of and accepted in Ohio. *Aviles,* 978 F.2d at 205. Subsequent cases appear to distinguish themselves from *Aviles* based on evidence of the nonresident defendant's relationship with its agent and the transaction that occurred in Texas. *See Astorga v. Connleaf,* 962 F.Supp. 93, 95 (W.D.Tex.1996); *Moreno,* 182 F.Supp.2d at 594. In *Astorga,* plaintiffs offered uncontroverted evidence that the recruiting agent worked closely with the nonresident defendant and had called the defendant's home office several times. 962 F.Supp. at 95. Evidence also established that the nonresident defendant sent a contracting fee and additional money to

its agent in Texas to cover the farmworkers' travel expenses. *Id.* The district court found that these activities were sufficient to establish the defendant's minimum contacts with Texas. *Id.* In *Moreno*, minimum contacts were established through evidence that the nonresident defendant hired a recruiting agent, that agent recruited farmworkers in Texas and that those farmworkers signed employment contracts in Texas. 182 F.Supp.2d at 594. Moreover, the *Moreno* plaintiffs alleged fraudulent and negligent misrepresentation claims based on the terms of their employment contracts that were signed in Texas. *Id.* The district court held that the plaintiffs alleged that the defendant's contacts with Texas gave rise to their intentional tort claims, satisfying the requirement for specific personal jurisdiction. *Id.* at 594–95.

In the present case, Plaintiff's claim appears to fall closer to *Aviles* than to *Astorga* and *Moreno*. Even in the cases relied upon by Plaintiff for the proposition that nonresident employers are subject to personal jurisdiction based on their agents' recruitment of migrant farmworkers, such personal jurisdiction was based on evidence of an established principal-agent relationship between the nonresident defendant and the recruiter. *See Alonso*, Civ. No. B–04–005 at 2–3, 9–10 (affidavit testimony established that an employment relationship between nonresident defendant and Texas recruiter, that the nonresident defendant sent materials to the recruiter, and that the nonresident defendant sent the farmworkers' checks to the recruiter; this consequent relationship constituted minimum contact with Texas); *Martinez*, Civ. No. L–98–77 at 5–6 (finding that because the nonresident defendant filed an interstate clearance order, the Texas Workforce Commission contacted the instate defendant-agent about work for plaintiffs, and the instate defendant-agent

arranged for the work to be accepted, the nonresident defendant established minimum contacts for the exercise of personal jurisdiction); *Lonzano*, Civ. No. M–89–119 at 2–3 (affidavit testimony established that the nonresident defendant, acting through an instate defendant-agent, made employment opportunities available through the United Farm Workers' San Juan, Texas office).

Here, Plaintiff merely alleges that Gonzalez acted as Defendants' recruiting agent. (Doc. 1; Doc. 16). Gonzalez is not a named party in this action. (Doc. 1). Moreover, Plaintiff failed to provide any evidence, including his own affidavit testimony, to support his claim that Defendants hired or associated with Gonzales. (Doc. 16). On the other hand, Defendants wholly failed to controvert the alleged association between themselves and the recruiting agent. (Doc. 1; Doc. 12; Doc. 16). Mindful that Plaintiff's uncontroverted allegations must be accepted as true, this Court finds that Plaintiff established a prima facia case of Defendants' minimum contacts with this forum through the alleged use of the recruiting agent in this forum. *See Moreno*, 182 F.Supp.2d at 593(internal citation omitted).

█ With regard to the second due process requirement, the fairness inquiry includes consideration of the following factors: (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Marathon Oil*, 182 F.3d at 295 n. 13 citing *Bullion v. Gillespie*, 895 F.2d 213, 216 n. 5 (5th Cir.1990)(quotations omitted). In this case, the Court finds that Defendants do not bear a substantial burden in

defending this suit in Texas. However, it is clear that Plaintiff will be severely hampered in his ability to pursue his claims if he is required to litigate them in Louisiana. Furthermore, the State of Texas has a significant interest in exercising jurisdiction over Defendants because it has an interest in protecting its citizens from exploitation by nonresident employers and in providing an adequate means for redress when its residents are targets of recruitment for out-of-state employment. *See Moreno*, 182 F.Supp.2d at 595 citing *Astorga*, 962 F.Supp. at 96 and *Runnels v. TMSI Contractors, Inc.*, 764 F.2d 417, 423 (5th Cir.1985). Texas also has an interest in enforcing the specific provision of its long-arm statute that subjects nonresidents who recruit Texas residents for employment outside the state to service of process and personal jurisdiction in Texas. *See Moreno*, 182 F.Supp.2d at 596; Tex. Civ. Prac. & Rem.Code §§ 17.042(3), 17.043. The Court finds that the fourth factor-the judicial system's interest in efficiency-is neutral in this case; the courts in either Louisiana or Texas could adjudicate this case with equal efficiency. Finally, the interests and policies promoted through the enforcement of AWPA is equally shared by Texas and Louisiana. The first three factors in the fairness inquiry weigh in favor of Plaintiff. Accordingly, the Court finds that the exercise of personal jurisdiction over Defendants in this case is proper. Defendants' motion to dismiss for lack of jurisdiction is **DENIED**.

### B. Improper Venue

■ Defendants also challenge venue in the Southern District of Texas pursuant to

29 U.S.C. 1854(a) specifically because they contend that jurisdiction cannot properly be exercised by this Court. (Doc. 12). AWPA provides in relevant part that "[a]ny person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit in any district court of the United State having jurisdiction of the parties . . . ." 29 U.S.C. 1854(a) (West 2006). For the reasons discussed above, this Court finds that it may properly exercise personal jurisdiction over Defendants. Therefore, venue is proper. Defendant's motion to dismiss for improper venue is **DENIED**.

### C. Transfer of Venue

■ Finally, Defendants request that if this Court determines that it may properly exercise jurisdiction and that venue is proper, that it transfer this case to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. 1404(a). (Doc. 12). The statute provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. 1404(a) (West 2006). The Court notes that the Western District of Louisiana is a district in which the case might have been brought under 28 U.S.C. 1391(b), and that district court could have properly exercised jurisdiction over defendants under 28 U.S.C. 1854(a).[1]

■ Thus, the Court must consider "all the relevant factors to determine whether

---

1. 28 U.S.C. 1391(b) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred ..." (West 2006).

As noted above, AWPA provides that venue is proper in any district that may exercise

or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989). The relevant factors include the following: (1) the availability and convenience of witnesses and parties; (2) the place of the alleged wrong; (3) the location of the books and records; (4) the possibility of delay or prejudice if transfer is granted; (5) the location of counsel; and (6) the plaintiff's choice of forum. *Moreno*, 182 F.Supp.2d at 598(internal citation omitted).

### a. Availability and Convenience of Witnesses and Parties

Defendants contend that the witnesses and parties related to this action are located in the Western District of Louisiana, and that for their convenience, the case should be transferred there. (Doc. 12). In response, Plaintiff enumerates six other migrant farmworkers who traveled with him in Gonzalez's truck to Louisiana for work. (Doc. 16, Exhibit A). These potential witnesses live in the Southern District of Texas. *Id.* Defendant does not specifically name or list the witnesses it intends to call at the time of trial. (Doc. 12). Moreover, the alleged agent, Guadalupe Gonzalez, contacted Plaintiff in Mercedes, Texas. (Doc. 16, Exhibit A). Because the Plaintiff named six witnesses that could provide relevant testimony for his case, and because those parties are located in Texas, the Court finds that this factor weighs against transferring venue.

### b. Place of the Alleged Wrong

In this case, the alleged wrong occurred in both Louisiana and Texas. Plaintiff asserts claims based on violations of AWPA requiring certain standards for transportation, housing and work disclo-

sures. Plaintiff's allegations are based on actions taking place in Texas and Louisiana. Thus, the Court finds that this factor does not weigh in favor of or against transfer of venue.

### c. Location of Books and Records

Unless the documents are so voluminous that their transport is a major undertaking, the location of books and records is given little weight. Here, the Defendants argue that the payroll records and documents in connection with the matter in controversy is located within the Western District of Louisiana. (Doc. 12). However, the Defendants did not indicate that such documents were so voluminous that production or transportation would be impractical. As such, this factor weighs against transferring venue to the Western District of Louisiana.

### d. Possibility of Delay or Prejudice if Transfer is Granted

Defendant did not indicate whether or how a transfer would affect the disposition of this case. A transfer would adversely affect Plaintiff for the reasons discussed above. Therefore, the Court finds that this factor weighs against the transfer of venue.

### e. Location of Counsel

Regarding location, the Court notes that Defendants retained local counsel in McAllen to handle this matter. Plaintiff and his counsel reside in the lower Rio Grande Valley. Neither counsel is burdened by significant travel for this case. Accordingly, this factor weighs against transfer.

### f. Plaintiff's Choice of Forum

Finally, a plaintiff's choice of forum is given considerable weight and will not be

jurisdiction over the parties. *See* 28 U.S.C. 1854(a).

disturbed unless the other factors weigh substantially in favor of transfer. *Moreno*, 182 F.Supp.2d at 598–99(internal citation omitted). Plaintiff chose to bring this action in the Southern District of Texas, where he regularly resides. In addition to the policy behind AWPA favoring migrant farmworkers' choice of venue, the Court finds that the preceding factors do not outweigh the Plaintiff's choice of forum in this case.

Based upon these factors, the Court finds that all six factors weigh against transferring this case to the Western District of Louisiana. Thus, Defendants failed to meet their burden of demonstrating that the balance convenience and justice weigh in favor of transfer. The Court concludes that Defendants' motion to transfer is **DENIED**.

### D. Conclusion

For the reasons stated above, the Court concludes that Plaintiff's allegations establish that Defendants maintained sufficient minimum contacts to properly exercise jurisdiction. Consequently, venue is proper in the Southern District of Texas. Defendants further failed to demonstrate that the balance of convenience and justice substantially weighed in favor of transferring this case to the Western District of Louisiana. Therefore, the Court **DENIES** Defendants' motion to dismiss for lack of jurisdiction and improper venue and **DENIES** Defendants' motion to transfer.