# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 21-60477
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DELANEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-230-2

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Christopher Delaney appeals the sentence of 276 months in prison and the restitution order imposed following his guilty plea convictions of three counts of Hobbs Act robbery, 18 U.S.C. § 1951, and two counts of brandishing a firearm during a crime of violence, 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60477

§ 924(c)(1)(A)(ii).  The Government has moved to dismiss the appeal or, in the alternative, for summary affirmance.

As the Government contends, the appeal waiver in Delaney's plea agreement bars his challenges to the substantive reasonableness of his sentence and to the application of a sentencing guidelines enhancement in calculating that sentence.  *United States v. Madrid*, 978 F.3d 201, 205 (5th Cir. 2020); *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Delaney's challenges to the restitution order are separately unavailing on the merits.  Delaney argues that the restitution order exceeded the statutory maximum because the district court failed to adequately address the restitution amount and because the Government failed to show that he proximately caused the losses, including one victim's injuries.  These arguments are, however, unsupported by the record.  The district court emphasized the Presentence Investigation Report's ("PSR") assessment that one of Delaney's victims suffered a "torn left meniscus and a nondisplaced fracture of the fourth metatarsal bone in her left foot."  And her employer's insurer paid $43,758.79 "in worker's compensation as a result of [her] physical and emotional injuries[,]" according to the district court's recitation of the PSR.  Delaney offers no reason why the district court could not rely on this amount in assessing the restitution award.  This argument therefore fails.

The Government's motion to dismiss is GRANTED.  The alternative motion for summary affirmance is DENIED.  This appeal is DISMISSED.