# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2024

Lyle W. Cayce
Clerk

No. 23-30730
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDERICK TURNER,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-166-3

_____

Before ELROD, HAYNES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Frederick Turner pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute a controlled substance (count one) and possession of a firearm in and affecting commerce by a felon (count two). He was sentenced within the advisory guidelines range to 151 months of imprisonment on count one and 120 months of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

imprisonment on count two, to be served concurrently, three years of supervised release on each count, to be served concurrently, and a $200 special assessment. In the plea agreement, Turner waived the right to appeal or contest his guilty plea, conviction, sentence, and supervised release, but he reserved the right to appeal a sentence exceeding the statutory maximum and to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

On appeal, he argues that his conviction for possession of a firearm by a felon, pursuant to 18 U.S.C. § 922(g)(1), violates the Second Amendment in view of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government argues that Turner's constitutional claim is barred because he knowingly and voluntarily waived his right to appeal.

We pretermit any issue concerning the timeliness of Turner's notice of appeal. The Government has not raised this issue, and any untimeliness would not present a jurisdictional impediment. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

We "review[] de novo whether an appeal waiver bars an appeal." *United States v. Madrid*, 978 F.3d 201, 204 (5th Cir. 2020). To do so, we conduct a two-step inquiry, first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (internal quotation marks and citation omitted).

The record reflects that Turner knowingly and voluntarily waived his right to appeal and that the appeal waiver is valid and enforceable. *See id.* Turner's claim challenging the constitutionality of § 922(g)(1) is an appeal of his conviction, which does not fall within any exception to the appeal waiver. While a defendant is released from an appeal waiver if the Government has

breached the plea agreement, *see United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002), there is no indication in the record that the Government failed to abide by its promises.

Further, Turner's argument that the appeal waiver should not bar his appeal of the constitutionality of the statute of conviction lacks merit. We have held in numerous cases that valid waivers barred direct appeals and collateral challenges of constitutional claims. *See, e.g.*, *United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022); *United States v. Barnes*, 953 F.3d 383, 388 (5th Cir. 2020); *United States v. Burns*, 433 F.3d 442, 449-50 (5th Cir. 2005).

Accordingly, because the Government seeks the enforcement of the valid appeal waiver, and because the issue raised by Turner does not fall within an exception to the waiver, dismissal of the appeal is appropriate as a means of enforcing the Government's contractual rights under the plea agreement. *See Kelly*, 915 F.3d at 352; *see also United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).

APPEAL DISMISSED.