# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2025

Lyle W. Cayce
Clerk

No. 24-60478
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmy Colby Smith,

*Defendant—Appellant*.
_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-41-1
_____

Before Elrod, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jimmy Colby Smith appeals the within-guidelines sentence imposed following his guilty-plea conviction for possession of methamphetamine with the intent to distribute. He argues that the district court erred in basing his offense level on the fact that his offense involved high-purity methamphetamine, and he complains that the district court ought to have

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

disagreed with the guidelines calculations as a matter of policy. He further asserts that the court should not have applied an enhancement based on possession of a firearm and should have varied downward based on his mitigating arguments. Seeking to enforce Smith's appeal waiver, the government moves to dismiss the appeal and alternatively moves for summary affirmance.

We review the enforceability of an appeal waiver *de novo*. *United States v. Madrid*, 978 F.3d 201, 204 (5th Cir. 2020). To determine whether an appeal waiver bars an appeal, we conduct a two-step inquiry, first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (quoting *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). The record confirms that both conditions are met here.

First, Smith's waiver was knowing and voluntary. At rearraignment, the district court specifically informed Smith that he was waiving his right to appeal a sentence "that you don't like or that's higher than you may anticipate." Smith then confirmed that he understood the waiver and agreed to it. Thus, the waiver was knowing and voluntary. Smith knew that he had the right to appeal and that he was giving up that right. *See id.* Smith also confirmed his understanding that no one could know with certainty what his guideline range would be and that the district court had the discretion to sentence him up to the statutory maximum, which was life in prison. He cannot now claim ignorance on that account. *See United States v. Melancon*, 972 F.2d 566, 567–68 (5th Cir. 1992) ("[T]he uncertainty of Appellant's sentence does not render his waiver uninformed.").

Second, Smith does not contest that the plain language of the appeal waiver applies to his sentencing arguments. The plea agreement provides

that Smith waived "the right to appeal the conviction and sentence in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever," except for claims of ineffective assistance of counsel. Smith's contentions about the guidelines and the § 3553(a) factors fall within the waiver's language.

Finally, Smith's other challenges to the waiver are also unavailing. Accordingly, the government's motion to dismiss is GRANTED, the government's alternative motion for summary affirmance is DENIED as moot, and the appeal is DISMISSED.