Graciela **ELISERIO, et al., Plaintiffs,**

v.

**FLOYDADA HOUSING AUTHORITY Defendant.**

**No. CIV.A. L–05–04.**

United States District Court, S.D. Texas, Laredo Division.

March 28, 2005.

Linley Rebecca Boone, Robert W Doggett, Lakshmi Ramakrishnan, Texas RioGrande Legal Aid, Weslaco, TX, for Graciela Eliserio, Jose Eliserio, Argelio Garza, Armandina Garza, Plaintiffs.

Charlotte Bingham, Crenshaw Dupree et al, Lubbock, TX, for Floydada Housing Authority, Defendant.

## MEMORANDUM & ORDER

KAZEN, District Judge.

Pending is Defendant Floydada Housing Authority's Motion to Dismiss for Improper Venue, or in the alternative, Motion to Transfer Venue. (Doc. No. 12.) Plaintiffs Graciela Eliserio, Jose Eliserio, Argelio Garza, and Armandina Garza have responded. (Doc. No. 13.)

### Factual Background

Plaintiffs are migrant farm workers whose permanent residences are in the Southern District of Texas. Plaintiffs Graciela Eliserio and Jose Eliserio reside in Laredo, and Plaintiffs Argelio Garza and Armandina Garza reside in McAllen.

Defendant Floydada Housing Authority (FHA) is a government entity that owns and operates low-income housing in Floyd County, Texas, in the Northern District of Texas, Lubbock Division. Defendant does not operate outside Floyd County and its principal offices are in Floydada, Texas.

From June to October 2004, Plaintiffs rented and occupied housing units at Defendant's housing facility in Floydada. In January 2005, Plaintiffs filed a complaint with this Court alleging Defendant provided housing that fails to meet federal and state safety and health standards in violation of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), a federal statute. *See* 29 U.S.C. §§ 1801–1872 (1999). Plaintiffs filed suit under the AWPA's private cause-of-action provision. *See* § 1854. They also filed claims under Texas state law for violations of their leases and the Texas Habitability Statute.

On February 25, 2005 Defendant filed the instant motion.

### Proper Venue

Defendant argues that venue in the Southern District is improper because Defendant is located and operates exclusively within Floyd County, Texas, in the Lubbock Division of the Northern District of Texas. Also, based on the pleadings, all of the events or omissions giving rise to Plaintiffs' claims occurred in Floyd County.

■ Defendant's argument assumes that traditional venue law applies. *See* 28 U.S.C. § 1391(b) (2004). Plaintiffs' complaint, however, alleges that venue is established pursuant to AWPA's private cause-of-action provision, which states:

Any person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit *in any district court of the United States having jurisdiction of the parties*, without respect to the amount in controversy and without regard to the citizenship of the parties and without regard to exhaustion of any alternative administrative remedies provided herein. 29 U.S.C. § 1854(a) (emphasis added).

Thus, venue is proper if a court may properly exercise personal jurisdiction over the parties. *Gonsalez Moreno v. Milk Train, Inc.*, 182 F.Supp.2d 590, 597 (W.D.Tex. 2002); *Astorga v. Connleaf, Inc.*, 962 F.Supp. 93, 96 (W.D.Tex.1996); *Villalobos v. N.C. Growers Ass'n, Inc.*, 42 F.Supp.2d 131, 141–42 (D.P.R.1999); *Stewart v. Woods*, 730 F.Supp. 1096, 1097 (M.D.Fla. 1990).

■ Defendant operates exclusively in Texas and was served in Texas, both of which facts establish the Court's personal jurisdiction over Defendant. *See Burnham v. Superior Ct.*, 495 U.S. 604, 610, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990). Thus, venue is proper in this Court, and Defendant's Motion to Dismiss for Improper Venue will be denied.

### Transfer of Venue

In the alternative, Defendant argues that the action should be transferred to the Northern District of Texas, Lubbock Division, in the interests of justice, because venue here is inconvenient.

■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). The first issue is whether the judicial district to which transfer is sought qualifies as a judicial district where the action "might have been brought." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.2003). Venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. Plaintiffs' claims arise out of substandard housing they leased and occupied in Floyd County, located in the Northern District of Texas, Lubbock Division. Thus, the Lubbock Division qualifies as a venue to which the action may be transferred.

■ The determination of convenience turns on a number of private and public interest factors, none of which are given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: (1) relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id.*

Both sides have addressed the cost of attendance for willing witnesses and the parties themselves. Plaintiffs have also addressed the public interest in vindicating the rights of migrant workers. However, neither party adequately addresses or at-

tempts to balance all factors that govern this issue.

*Conclusion*

Defendant's Motion to Dismiss for Improper Venue is DENIED. The Court ORDERS the parties to supplement their positions concerning the Motion to Transfer Venue, in light of the *In re Volkswagen* factors, no later than April 15, 2005.